TEXAS MOLINE PLOW COMPANY v. NIAGARA FIRE INSURANCE COMPANY.

Decided April 22, 1905.

**Fire Insurance Contract—Replacing Goods—Purchase Elsewhere—Time.**

Where an insurance policy provided that the insurer should not be liable beyond the actual cash value of the property lost, the amount in no event to exceed what it would then cost the insured to replace the same with material of like kind and quality, the value was to be determined by what it would cost to replace the goods burned from other markets, where such goods were usually manufactured, with goods of like kind and quality, within a reasonable time; and the insured was not entitled to recover the cash market value of the goods if sold by him in the usual course of business, although goods of the kind burned could not be then or immediately procured when the loss occurred.

Error from the District Court of Dallas.   Tried below before Hon. Richard Morgan.

*Etheridge & Baker,* for plaintiff in error.—Under a policy of fire insurance stipulating that insurer will pay the cash market value of the property insured, as determined at a certain time and place, subject to a prorating and three-fourths loss clause, the assured, in the event of a loss under the terms of the policy, is entitled to a judgment in accordance with such contract obligation, and the fact that the contract further stipulates that the insurer shall not be liable beyond the amount for which the goods could have been then replaced by other goods of like kind and quality is immaterial when it is affirmatively shown that the goods were impossible of replacement at any price at the time and place of the fire and for thirty days thereafter. Hartford Fire Ins. Co. v. Cannon, 46 S. W. Rep., 851; Springfield, etc., Ins. Co. v. Cannon, 46 S. W. Rep., 375; Mitchell v. St. Paul, etc., Ins. Co., 52 N. W. Rep., 1017; Chapman v. Rockford Ins. Co., 62 N. W. Rep., 422; Parrish v. Insurance Co., 20 Insurance Law Jour., 95; Manchester Fire Ins. Co. v. Simmons, 12 Texas Civ. App., 607.

*Crane & Gilbert,* for defendant in error.—The policy stipulating that "the defendant company should not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage to be ascertained or estimated according to such actual cash value, with proper deduction for depreciation, however caused, and shall in no event exceed what it would then cost the assured to repair or replace the same with material of like kind and quality," the court correctly instructed the jury to find for the plaintiff the amount that the evidence showed, without contradiction, that it would cost the plaintiff to replace the property destroyed, with property of like kind and quality. German Ins. Co. v. Everett, 36 S. W. Rep., 125; Fisher v. Insurance Co., 33 Fed. Rep., 548.

RAINEY, CHIEF JUSTICE.—This suit was instituted by plaintiff in error to recover on an insurance policy issued by defendant in error. Plaintiff in error recovered judgment, but appeals because the recovery is not as large as it believes it is entitled to. This is the only issue over which there is any controversy. The agreement of the parties as to the facts is as follows:

"It was agreed between the parties, plaintiff and defendant, in open court, that plaintiff's cause of action is uncontroverted, and may be considered proved as to everything except the value of the property destroyed. That the fire occurred July 12, 1902. That proofs of loss were made August 13, 1902. That the loss was payable by defendant October 13, 1902, with 6 percent interest thereon from date. It was further agreed that the question as to the value of the property destroyed depended upon the proper construction of the following stipulations in the policy sued on:

" 'This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation, however caused, and shall in no event exceed what it would then cost the assured to repair or replace the same with material of like kind and quality. Said

ascertainment or estimate shall be made by assured and this company, or if they differ, then by appraisers, as hereinafter provided, and the amount of loss or damage having been thus determined, the sum for which this company is liable pursuant to this policy shall be payable 60 days after due notice, ascertainment, estimate and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy. It shall be optional, however, with this company to take all or any part of the articles at such ascertained or appraised value, and also to repair, rebuild or replace the property lost or damaged, with other of like kind and quality within a reasonable time, on giving notice within 30 days after the receipt of the proof herein required of its intention so to do, but there can be no abandonment to this company of the property described. It is a condition of this policy that in the event of loss or damage by fire to the property insured, this company shall not be liable for an amount greater than three-fourths of the cash market value of the same, not exceeding the amount of said policy at the time immediately preceding such loss or damage, and in the event of other insurance on the property insured, then this company shall be liable only for its proportion of three-fourths of such actual market value at the time of the fire.'

"The foregoing constituted the only provision material to the determination of the issues of this cause. Appraisement referred to in provision quoted from policy was waived.

"The plaintiff proved that the cash market value of the property destroyed in San Antonio at the time of the fire was $5,114.87. That this was the price at which the goods could have been sold at wholesale in San Antonio to persons desiring to buy the same, that is, dealers in quantities of a single article or in carload lots or in less than carload lots, in plaintiff's ordinary course of business. It was proven that plaintiff was in the jobbing business at San Antonio, and sold to dealers only in quantities desired from a single article to a carload or less than carload lots. Plaintiff proved that there were no stocks of goods in San Antonio at the time of the fire from which it could have replaced the goods destroyed.

"The defendant proved that the plaintiff could have bought goods exactly similar in character to those destroyed in the markets where it did purchase the goods that were destroyed, and that said goods, including purchase price and freight to San Antonio, would have cost the sum of $4,313.21, and could have been laid down in San Antonio within 30 days after the fire. That plaintiff did so buy other goods after the fire, which were so delivered. That the policy sued on was one-third of the total concurrent insurance covering the property destroyed, and that plaintiff was entitled to recover with interest one-third of three-fourths of either $5,114.87 or $4,313.21, according to which rule was the proper rule of law for determining the defendant's liability under the policy sued on and on the proof made."

The controversy arises over the clause of the policy which reads: "This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation, however caused, and shall in

no event exceed what it would then cost the assured to repair or replace the same with material of like kind and quality," etc.

Plaintiff in error's contention is, that as the goods burned could not be immediately replaced in San Antonio with goods of like kind and quality, it is entitled to recover the cash market value of the goods, which is what the goods could have been sold for in San Antonio to dealers, at wholesale, in quantities of a single article, or in carload lots. or in less than carload lots, in plaintiff's ordinary course of business. The contention of defendant is that the value is to be determined by what it would cost to replace said goods from other markets with goods of like kind and quality, within a reasonable time, which could be done and was done in this instance within thirty days.

In construing contracts the rule of law is to give force and effect to each and every provision therein, insofar as practicable. To adopt plaintiff's construction would be to eliminate from the contract that clause which provides that the cash value "shall in no event exceed what it would then cost the assured to repair or replace the same with material of like kind and quality." This clause fixes the basis for determining the cash value in case of loss by fire. The expression, what it would *then* cost the assured, evidently was not intended to mean what it would cost to replace immediately, or instanter, upon the destruction of the goods by fire, but what it would cost to replace the burnt articles from the markets where such goods were usually manufactured, or could be purchased, within a reasonable time. The goods were replaced within thirty days after the fire at a sum less than that claimed by plaintiff. This was within a reasonable time, and fixed the sum of plaintiff's recovery. At the time of making the contract the parties are presumed to have known the condition of the market at San Antonio, and it must be held, when said clause was insisted upon, that it was contemplated that, in case of loss and in order to replace the goods, other markets would have to be resorted to, and that a reasonable time to replace, and what it would cost to so do, would be considered.

The cases cited by plaintiff in error in support of its contention, we do not think conflict with the views herein expressed. In Insurance Co. v. Cannon, 19 Texas Civ. App., 305, 46 S. W. Rep., 851, opinion by Justice Fly, the contention by the insurance company was that the insured could only recover what it would cost the manufacturer to reproduce the bagging burnt, together with costs of freight from Boston, Mass., to Galveston, and costs of insurance, storage, etc., and this was insisted upon because the insured was a manufacturer. The effect of the court's holding was that that did not change the rule of law as to the measure of damages, and that the same rule should be applied as in other cases. The rule we have announced is not believed to be contrary to the ordinary rule announced by all the authorities.

The case of Insurance Company v. Cannon, 18 Texas Civ. App., 588, 45 S. W. Rep., 945, involves the same facts as those in the Cannon case supra. Garrett, C. J., in rendering the opinion uses the following language: "The measure of damages to be considered must be the actual cash value, since it was shown and practically not controverted that the bagging destroyed could not have been replaced at the time, or within a reasonable time thereafter, in the same amount with material

of like kind and quality. The actual cash value of an article may be shown by showing the market value, but this is not the only criterion or evidence of it." It will be seen from this language that Judge Garrett recognized the principle that a reasonable time to replace the goods should be considered in determining, under the contract, the actual cash value of the goods destroyed.

· In Insurance Company v. Everett, 36 S. W. Rep., 125, it was held that the measure of damage in loss of goods by fire is the amount that it would cost the insured in cash to purchase property of like kind and quality. This is the measure the trial court meted out to the plaintiff in error in this case. The judgment recovered was what it cost him to replace the burnt goods with others of like kind and quality.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.