SOUTHERN BENEV. LEAGUE v. ENGLISH. (No. 1408.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 19, 1915. Rehearing Denied March 18, 1915.)

JUDGMENT ⬤―153 — DEFAULTS — SETTING ASIDE—TIME FOR MOTION.

The granting or refusal of a motion to set aside a judgment by default, not made within the two days prescribed by statute, is within the discretion of the court, if sufficient excuse be not given or failure to file an answer, or to file the motion within the time required.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 300–304; Dec. Dig. ⬤―153.]

Appeal from Hopkins County Court; Dan R. Junell, Judge.

Action by Oscar Hay English against the Southern Benevolent League. From a judgment for plaintiff, defendant appeals. Affirmed.

Jas. L. Bailey, of Paris, and John G. Todd, of Houston, for appellant. D. Thornton, of Sulphur Springs, for appellee.

HODGES, J. The appellee sued the appellant in the court below to recover a balance claimed to be due upon a policy of insurance. The petition alleged that the appellant was a fraternal insurance association engaged in writing for its members certificates of insurance; that it issued policies, agreeing, in case of death of a member, to pay, in addition to the face of the policy, $100 for burial expenses and $100 for the erection of a tombstone; that in June, 1910, the appellant issued a policy of insurance, whereby it agreed to and did insure the life of the appellee's wife in the sum of $1,000, to be paid to the appellee in the event of her death while the certificate was in force. The petition admits credits on the amount originally due on the policy in the sum of $253.88, leaving a balance of $946.12, for which judgment was asked. It appears from the record that citation was issued and served on the commissioner of insurance and banking under the provisions of article 4844 of the Revised Civil Statutes. When the case was called for trial in the court below on April 7, 1914, no answer had been filed by the appellant, and no appearance made in its behalf, the court thereupon proceeded to hear the evidence, and rendered judgment in the sum sued for. It is admitted that this judgment is excessive to the extent of $20, and a remittitur covering that excess was filed in the court below.

On July 19th the appellant filed a motion for a new trial, alleging, among other things, that the petition sued on was fatally defective in failing to state that all the conditions of the policy had been complied with, and that notice and proofs of death had been given. It was also alleged that Tom C. Swope, the president and general manager of the defendant, had never received a copy of the citation, notifying him of the pendency of this suit, until after the judgment by default was rendered; that if the commissioner of insurance and banking had sent or mailed any copy, as required by law, the president and manager of the appellant, by reason of being sick and out of his office, did not receive it, and was unable to give it the necessary attention. It was further stated that the defendant had a good and meritorious defense, based upon facts tending to show a previous settlement between the appellee and the company, in which the former agreed to accept the sum of $623.88 in full payment of all the balance due, to be paid in monthly installments of $50. The motion was signed by Jas. L. Bailey, attorney for the appellant. The jurat of the clerk simply shows that it was subscribed and sworn to on the 20th of July, 1914, but does not state by whom the oath was made. The court heard testimony regarding the facts set up in the motion, and rendered a judgment overruling it, making no findings of fact regarding the diligence offered as an excuse for the failure of the appellant to answer to the merits of the case or to file the motion for a new trial within the two days prescribed by statute. It has been definitely determined by our Supreme Court that if a motion to set aside a judgment by default be filed more than two days after the judgment was entered, and if sufficient excuse be not given for the failure to file and answer or to file the motion within the time prescribed by law, it is in the discretion of the court to grant or refuse the motion. El Paso & S. W. Ry. Co. et al. v. Kelley, 99 Tex. 87, 87 S. W. 660. We have carefully examined the testimony offered in support of the ground set up in the motion for a new trial, and have reached the conclusion that the court was justified in finding that there was no sufficient excuse shown for the failure of the appellant to appear and answer the suit before the rendition of a judgment on the merits, or for its failure to file the motion for a new trial within the time prescribed by law. We are also of the opinion that the facts relied on to constitute a meritorious defense are not such as to show an abuse of the discretion lodged in the court to refuse to set the former judgment aside.

The judgment is affirmed.