WISENHUNT et al. v. PARK. (No. 7588.)*

(Court of Civil Appeals of Texas. Dallas. Oct. 14, 1916. Rehearing Denied Nov. 18, 1916.)

NEW TRIAL ☞120—LATE MOTION—EXCUSE— DISCRETION.

No sufficient excuse being shown why defendants were not represented on the trial or why they did not file their motion for new trial in the two days prescribed by statute, there is no abuse of discretion in denying the motion.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 244; Dec. Dig. ☞120.]

Appeal from District Court, Kaufman County; F. L. Hawkins, Judge.

Action by J. W. Park against J. L. Wisenhunt and others. Judgment for plaintiff. Motions of the named defendant and another for new trial overruled, and they appeal. Affirmed.

Ross & Zumwalt, of Dallas, for appellants. Huffmaster & Huffmaster, of Kaufman, for appellee.

RAINEY, C. J. On January 13, 1915, appellee brought suit against W. G. Wisenhunt and wife, Della Wisenhunt, J. L. Wisenhunt, and the Farmers' State Bank of Justin, Tex. The object of the suit was to recover on certain promissory notes executed by W. G. Wisenhunt for the purchase of certain land and to foreclose the lien thereon. J. L. Wisenhunt and the Farmers' State Bank were setting up some kind of title or claim to said land, and prayed for judgment on the notes and foreclosure of the lien, etc. All parties were duly cited, none of which answered except the bank, but made default. "On March 2, 1915, the Farmers' State Bank of Justin, Tex., appellant herein, filed its answer, in which it alleged that there was another note similar in all its provisions as the notes sued on, given by said W. G. Wisenhunt to said Park in part payment of said land, and that it was agreed by and between the said W. G. Wisenhunt and the said J. L. Wisenhunt that if the latter would pay off said first note, he should be subrogated to all the rights of the holder of said notes, and with said understanding the said J. L. Wisenhunt did pay off said note, together with interest on said other notes, and that to secure him for the money so paid, the said W. G. Wisenhunt executed to him a deed of trust on said land, and that the said Farmers' State Bank loaned J. L. Wisenhunt the money to make said payment; that by reason thereof and by said payment said J. L. Wisenhunt became subrogated to the rights of the plaintiff herein for said amounts, and is entitled to have the same repaid by the plaintiff, or to share in the proceeds arising from the sale of said land; that in case of foreclosure sale the said J. L. Wisenhunt is entitled to have all his said payments repaid in full before the payment of the notes held and sued on by the plaintiff; that said payments, contract, and deed of trust were executed and made with the knowledge and consent of plaintiff, and he had full notice thereof before filing this suit; that this defendant loaned the said J. L. Wisenhunt the sum of money paid as aforesaid upon such understanding and agreement, and in order to protect this defendant the court should, in case of foreclosure, decree the full payment of said note and interest paid as aforesaid. Prayer that the court declare the rights of said J. L. Wisenhunt to be superior to that of the plaintiff herein and for costs." To this answer of the Bank of Justin, the plaintiff, J. W. Park, filed supplemental petition on March 3, 1915, containing special exceptions and a general denial. Neither of the appellants, nor their attorney, was present on the trial of the case, which was on March 22, 1915, and judgment was rendered for appellee for the amount due on the notes and foreclosure of lien on the land with cost taxed against the appellant. On April 14, 1915, the bank filed a motion in said case for a new trial, and on April 30, 1915, J. L. Wisenhunt filed a motion. On April 29, 1915, appellee filed exceptions to the bank's motion for new trial, on the ground that no sufficient diligence is shown, and no reasonable excuse given why said motion was not filed within the two days prescribed by the statute, and, second, in effect, that the motion shows upon its face no good reason for it not being present at the trial and presenting its defense. On April 30, 1915, both motions for rehearing were heard by the court. The exceptions to the bank's motion were sustained, and both motions overruled, and notice of appeal was taken, and the action of the court is before us for review.

We concede that the bank's plea set up a just claim to have the amount of its demand included in the decree of foreclosure, and provided in the division of the proceeds of the sale of said land, had it been present at the trial and presented evidence to sustain said plea. But we are of the opinion no sufficient excuse is shown why it was not represented on the trial. This applies also to J. L. Wisenhunt. No legal reason is shown why the motions of the bank and Wisenhunt were not sooner filed in the district court. On March 22, 1915, their attorney was notified by the district judge that the case had been tried and judgment rendered on that day, and the bank did not file its motion until 22 days later, and Wisenhunt filed his over 1 month thereafter. We think no legal excuse existed for such delay, and under the circumstances the trial court did not abuse his discretion in not granting the motions for a new trial.

The judgment is affirmed.