DUMAS et al. v. EASLEY et ux.   (No. 9203.)

(Court of Civil Appeals of Texas.   Ft. Worth.
Jan. 10, 1920.   Rehearing Denied
Feb. 28, 1920.)

1. APPEAL AND ERROR ⬉716—LETTER WRITTEN BY JUDGE AFTER JUDGMENT MAY NOT BE FILED IN APPELLATE COURT.

A letter written by the trial judge, notifying attorneys of action of court in overruling motion for new trial, giving reasons, and commenting on evidence, will not be permitted to be filed on appeal, although accompanied by an affidavit of counsel.

2. NEW TRIAL ⬉119—DILIGENCE HELD NOT SHOWN IN ASCERTAINING WHEN CASE WOULD COME UP FOR TRIAL.

Where trial judge announced that, on account of an epidemic of influenza, he would hear no contested cases for a period of two weeks, counsel for defendant, against whom judgment was subsequently rendered, were not diligent, where they did not make inquiry concerning the status of their case until several months after such statement from the bench, and after entry of default judgment.

3. NEW TRIAL ⬉119—MOTION MAY BE ENTERTAINED AFTER TWO DAYS IN DISCRETION OF COURT.

The court may, within its discretion, entertain a motion for new trial, filed after the expiration of the two days as provided in Vernon's Sayles' Ann. Civ. St. 1914, art. 2023; but it is largely within the discretion of the court whether such a motion should be granted or not.

4. APPEAL AND ERROR ⬉907(3)—IN ABSENCE OF FACTS, IT IS PRESUMED THAT NEW TRIAL WAS PROPERLY DENIED.

In the absence of a statement of facts, and in view of a recitation in the judgment and order overruling the motion for new trial that evidence was heard upon said motion, the appellate court will presume, in favor of the judgment below, that the evidence adduced failed to support appellant's motion for new trial.

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Action by R. B. Easley and wife against A. W. Dumas and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Samuels & Brown, of Ft. Worth, for appellants.

Hampton, Harris & Hampton, for appellees.

BUCK, J. Appellants have appealed from an adverse judgment in the district court of Comanche county concerning an oil and gas lease. Their brief contains seven specifications of error below, but, pretermitting any discussion or consideration of the sufficiency of the several complaints as assignments of error, the one question presented is: Did the trial court abuse his judicial discretion in refusing the defendants a new trial?

The petition of plaintiffs alleged: The ownership of the land in controversy in R. B. Easley, Jr., and wife, who occupied the premises as a homestead. That on May 14, 1918, defendant A. W. Dumas secured plaintiffs' signatures to an instrument in writing purporting to be an oil and gas lease. That as an inducement to secure said signatures said Dumas represented that, if plaintiffs would give him a drilling contract on said land, he would drill an oil well to the depth of 3,000 feet somewhere on the 2,000 acres on which he was to secure leases, said well to be begun within 120 days from the signing of the said instrument. That the securing of the leases was not for speculative purposes and that the instrument would contain and did contain a nontransferable clause.

The petition further alleged that the representations so made by Dumas were false, and that Dumas knew they were false when he made them. The petition further alleged that the lease and contract put on record by Dumas was not the one executed by plaintiffs, but that said recorded lease was forged and changed by Dumas in several material respects after plaintiffs executed it, and without their knowledge and consent. The plaintiffs further alleged that said Dumas subsequently assigned the lease to Harry Byrens, who was also made a defendant.

Suit was filed September 11, 1918, and on

───────────

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

October 16, 1918, judgment was rendered for plaintiffs, canceling the lease and removing the cloud. At the time the decree was entered, defendants had on file a formal answer, consisting of a general demurrer and a general denial, filed October 11, 1918.

In defendants' motion for new trial, filed December 20, 1918, denial was made of the specific allegations of fraud contained in plaintiffs' petition, and defendants averred that the instrument, as recorded, had not been changed by Dumas, and was the same instrument executed by plaintiffs, and that said instrument provided that the lessees should have 24 months, and not 120 days, within which to sink a well. Other allegations and denials were contained in said motion, not necessary here to mention. The defendants specially alleged that the judgment should be set aside for the reason that at the time the defendants had on file an answer. That appearance day of the district court of Comanche county was October 15th, and that on said day the judge of said court announced from the bench that no contested cases would be taken up and tried in said court during the first or second week of the term, owing to the wide prevalence of the disease known as "influenza," which rendered the assembling of persons in groups or crowds dangerous to others in promoting the spread of the disease. That the defendants had employed the services of the law firm of Slay, Simon & Smith, in the city of Ft. Worth, to represent them in the case, and to file an answer in their behalf. That the reason the attorneys were not present on the day the judgment was rendered in this case was not due to want of proper exercise of diligence by them, but that, relying on "reliable information they had received through a credible source" that the court had announced that no contested cases would be tried during the first and second weeks of the term, they did not deem it requisite that they should be present on said day, and assumed, as they had a right to assume from the information conveyed to them, that such cases would be taken up and tried at some other time than the first and second weeks of the said term, and that some later announcement would be made by the court with respect to what part of the term such cases would be called and tried. It was further alleged that defendants' attorneys received the information hereinbefore mentioned with respect to the postponement of contested cases pending in said court through Walter B. Scott, of the Ft. Worth bar, who informed said law firm that—

"Contested cases in said district court of Comanche county would be continued by the court because of the conditions which threatened injuriously to affect the health of the community."

Defendants further averred that they were able and ready to establish by competent proof that the lease executed by plaintiffs had not been changed in any respect since its execution, and that defendants had a meritorious defense to said suit, and they would have presented and urged said defense in the trial court, had it not been for the information they had received as to the postponement of said contested cases. Attached to the motion, duly verified by defendant Byrens, were affidavits of Walter B. Scott, U. M. Simon, Leonard M. Levy, Gib Callaway, defendant Byrens, and defendant Dumas, and also a copy of what purported to be an oil and gas lease signed by R. B. Easley, Jr., covering 92¾ acres, more or less, located in Comanche county. Said purported copy of the lease shows to have been executed and acknowledged by R. B. Easley, Jr., May 14, 1918, and filed for record in the office of the county clerk of Comanche county on May 24, 1918. Mrs. Easley's signature is wanting.

The substance of the affidavit of Walter B. Scott is as follows: That he is a practicing attorney at Ft. Worth, a member of the law firm of McLean, Scott & McLean. That on October 15, 1918, "he was reliably informed that the honorable district court in and for Comanche county, Texas, had announced from the bench in open court on said date that on account of the prevailing epidemic of influenza the said court would not hear any contested cases, and that such cases would not be heard for a period of two (2) weeks." That to the best of his recollection he gave this information to U. M. Simon of the law firm of Slay, Simon & Smith. U. M. Simon affirmed that he had been informed by the law firm of McLean, Scott & McLean that the district court of Comanche county had continued the docket "as to all contested cases pending therein" on account of the epidemic of influenza then prevailing, and that affiant then understood such cases were by said court continued for the term. That for that reason he did not, as attorney for said defendants, do anything further with reference to said case. That on the 21st of November, thereafter, said Harry Byrens, one of said defendants in said case, heard that said district court of Comanche county, Tex., had resumed action, and asked the office of this affiant to wire out to the district clerk of Comanche county and find out about the matter. That in response to said wire the firm of Slay, Simon & Smith learned that judgment had been rendered for plaintiffs in said suit on October 16, 1918, and that thereupon a motion for new trial was filed on December 20, 1918.

The affidavit of Levy, member of the firm of McLean, Scott & McLean, was to the effect that he was present in the district court of Comanche county and heard the judge of

said court announce from the bench on October 15, 1918, that for the reason hereinbefore mentioned said court would hear no contested cases for the term of 2 weeks, and that all such contested cases would be passed over for said time, and that he communicated said information to said interested parties, probably to U. M. Simon.

Gib Callaway deposed that he was a practicing attorney of the Comanche county bar, and heard the judge of the district court announce—

"that he would adjourn the trial docket of his court for two weeks, again taking same up on October 28, 1918, and would notify the jury selected for the second week of said court to not come until a later time, after the court should reconvene, but further announced that the court would try any cases the parties might desire to try, notwithstanding such general understanding. Under such announcement of the court, it was generally understood among the bar of Comanche county, Tex., that no contested cases would be tried prior to October 28, 1918, except by agreement of the parties."

Harry Byrens deposed that on or about the first part of January, 1918, he purchased from Dumas certain oil and gas leases covering land in Comanche county; that said purchase was made in good faith with the bona fide intention and purpose of drilling oil wells on these lands in accordance with the terms and provisions of the leases; that during the latter part of September or first part of October, 1918, he was served with a citation and copy of petition showing that he had been sued, together with A. W. Dumas, praying for the cancellation of these leases; that he carried said papers to his attorneys, Slay, Simon & Smith. He further averred that he knew nothing of any dissatisfaction of any of the landowners, or any claims or contention whatever that the leases did not express the real transaction and consideration between Dumas and the landowners.

The affidavit of Dumas is to the effect that on or about May 12, 1918, he met in Comanche some dozen landowners and discussed with them the question of obtaining leases on their land for oil and gas, and explained to them that if they would secure leases on as much as 2,500 acres, providing for operations for the drilling of a well within 24 months, that he would accept the leases and endeavor to have wells drilled in accordance with the leases; that he stated to them that he was a poor man, and unable to do the drilling himself, but that he felt sure he would be able to find some one who would do the drilling if the leases were transferred to him, and that he would proceed at once after receiving these leases to obtain some one to drill; that subsequently a notary public called on these landowners and secured their signatures and acknowledgment to land aggregating some 1,600 acres.

[1] No statement of facts accompanies the record, but appellees have filed a motion for leave to file as part of the record a copy of a letter written by the trial judge to the attorneys representing plaintiffs and defendants, dated January 7, 1919, in which letter said judge notified the attorneys of the action of the court in overruling defendants' motion for new trial, giving as a reason that in his opinion the minds of the parties did not meet, and that the contract "should be set aside for mutual mistake, and reformed in accordance with the intention of the parties, if not entirely canceled on account of the agreement to begin development in 4 months." In this letter, the judge comments on the testimony of defendant Dumas, heard on the motion for new trial, and concludes that the same result would follow if the cause should be reopened and re-tried.

We conclude that we would not be justified in permitting the filing of this letter, and the accompanying affidavit of one of the attorneys for plaintiff, in which he explains he was taken sick shortly after the original judgment was rendered, and was unable to prepare controverting motion, and to secure controverting affidavits on the motion for new trial, and therefore we overrule appellees' motion to file said documents as a part of the record herein. In Holliday v. Holliday, 72 Tex. 581, 10 S. W. 690, the court said:

"When a motion for a new trial is made on the ground that the party making it was not represented at the trial, or if present in person or by attorney on the ground that he had no pleadings filed making the issues on which his rights depended, the rule seems well established in this state that, in addition to excusing his absence or failure to plead, the party must also show by a sufficiently circumstantial statement that he has a meritorious cause of action or defense. Stating generally that he has a meritorious cause of action or defense is not sufficient. Enough should be stated, supported by affidavit, to show at least a prima facie case. Courts ought not in such cases set aside judgments rendered, except upon a showing which, if true and unexplained, would change the result on a subsequent trial."

[2] Can we say from the record before us that there was presented before the trial court, first, a reasonable explanation of the failure of defendants and their attorneys to be present at the trial; and, second, that a meritorious defense to plaintiffs' cause of action was shown? If not we would not be warranted in substituting our judgment for that of the trial court.

First, as to a showing of diligence: It is shown by the affidavit of Leonard M. Levy that on October 15th, appearance day, the trial judge announced from the bench that

on account of the epidemic of influenza he would hear no contested cases for a period of 2 weeks and that all such contested cases would be passed over for such time. If Levy heard this statement, and "likely" (as he avers) communicated such information to the defendants' attorneys upon his return to Ft. Worth, the trial court could have reasonably concluded that defendants' attorneys knew nothing about the remarks of the judge until the very day the case was tried, or later. It is further shown that neither defendants nor their attorneys made any further inquiry about the case until some 2 months later, when one of the defendants heard that the district court had resumed action, and went to his attorneys and asked them to wire to the district clerk of Comanche county and find out about the matter. In response to the wire, the district clerk informed the defendants' attorneys that a judgment had been entered for plaintiffs on October 16, 1918, whereupon a motion for new trial was filed. Certainly this is not a showing of diligence.

Furthermore, it appears that evidence was introduced on the motion for new trial, and that the court fully considered the same. For all that appears from the record, one or both of the defendants may have testified, and the trial court may have concluded therefrom that the plaintiffs' allegations of fraud were established, and that no useful purpose would be served by granting a new trial.

It is significant that, in spite of the allegation contained in plaintiffs' petition that no consideration was paid to them for the lease, Dumas, in his affidavit attached to the motion for new trial, does not state that any consideration was paid, but merely states that leases from some 12 landowners were obtained, "providing that second party might prevent a forfeiture for only one year by paying one (1) dollar per acre."

[3] The court may, within its discretion, entertain a motion filed after the expiration of 2 days, as provided in article 2023, Vernon's Sayles' Texas Civil Statutes; but it is largely within the discretion of the court whether such motion should be granted or not. Cato v. Scott, 96 S. W. 667; Southern Benev. League v. English, 174 S. W. 659; Wisenhunt v. Park, 189 S. W. 287; Casualty Ins. Co. v. Curry et al., 183 S. W. 1.

[4] In the absence of a statement of facts, and in view of the recitation in the judgment and order overruling the motion for new trial that evidence was heard upon said motion, we are to presume in favor of the judgment below that the evidence adduced failed to support defendants' motion.

Therefore we conclude that all assignments should be overruled, and the judgment below affirmed; and it is so ordered.