**JONES et al. v. BASS.**

No. 2026.

Court of Civil Appeals of Texas. Beaumont.
Dec. 3, 1930.

Rehearing Denied Dec. 11, 1930.

Allen B. Hannay and Sam G. Croom, both of Houston, for appellants.

Geo. A. Byers, of Houston, for appellee.

WALKER, J.

This case originated in district court, Harris county, was appealed to the Galveston Court of Civil Appeals, and transferred to our docket by order of the Supreme Court.

The several district courts of Harris county are governed by article 199, R. S. 1925, subdivision 11 of which provides two terms for each of the courts each year; the first term, designated January-June term, begins on the first Monday in January and continues until and includes the Sunday next before the first Monday in July; the second term, designated as the July-December term, begins on the first Monday in July and continues until and includes the Sunday next before the first Monday in the following January. Subdivisions 28, 29, and 30, article 2092, R. S. 1925, regulate the trials and the filing of motions and amended motions for new trials. By section 28 it is provided that all motions for new trials shall be determined within not exceeding forty-five days after the original or amended motion is filed, "unless by written agreement of the parties filed in the case, the decision of the motion is postponed to a later date." Section 29 provides that motion for new trial shall be filed within ten days after judgment is rendered, and may be amended by leave of the court at any time before it is acted on "within twenty days after it is filed." Section 30 provides that judgment shall become final after the expiration of thirty days after the date of judgment or after a motion for new trial is overruled "as if the term of court had expired." This section further provides that the judgment cannot be set aside after becoming final "except by bill of review for sufficient cause."

This suit was by appellee against F. H. and H. S. Jones to foreclose an abstract of judgment lien against certain land situated in Harris and Brazoria counties fully described in plaintiff's petition. The legal title to this land stood in the name of H. S. Jones. Appellee pleaded that the property in fact belonged to F. H. Jones and that the title was put in the name of H. S. Jones in fraud of the creditors of F. H. Jones. The defendants answered by pleas of general demurrer, general

denial, and of homestead by F. H. Jones as to the Harris county land; also the abstract of judgment was attacked on the grounds that it was void as to form and was improperly indexed. The case was called for trial on November 18, 1927. After hearing all the evidence and argument of counsel, immediately following the announcement of the parties, the court without "the consent of the parties placed on the record," as required by rule 66 for the district courts of this state, carried the case under advisement through the balance of the July-December term of 1927, through the January-June term of 1928, and did not enter final judgment until the 23d day of August, during the July-December term of 1928. The judgment denied the claim of homestead and foreclosed the abstract of judgment lien against the Harris county land, but denied foreclosure of the lien against the Brazoria county land; however, execution was ordered against the Brazoria county land for any deficiency judgment after the sale of the Harris county land. The defendants gave notice of appeal against this judgment to the Court of Civil Appeals at Galveston, but appeal was not perfected from that notice. After the filing of motion for new trial, date not shown, appellants filed their amended motion for new trial on the 20th day of September following entry of judgment. Upon the record as presented, we conclude that this motion was regularly continued to the January-June term of 1929; but the record affirmatively excludes any conclusion that any further order of continuance was made. The following are the facts on this issue: On the 27th day of April, 1929, the court entered its order granting appellants a new trial as prayed for in their amended motion for new trial; later, date not shown, the court determined that this order was wrongfully entered and revoked the same. No further proceeding was had during that term of court. The next order was made by the court on December 14, 1929, overruling the motion for new trial, to which appellants excepted and gave notice of appeal to the Galveston Court of Civil Appeals. This appeal was duly perfected and the case transferred as above stated to the docket of this court.

### Opinion.

Upon the facts stated, under the provisions of subdivisions 28, 29, and 30 of article 2092, R. S. 1925, as construed by Automobile Underwriters of America v. Radford (Tex. Civ. App.) 293 S. W. 869, same case by Commission of Appeals, 299 S. W. 852, the judgment of the lower court became final during or on adjournment of the January-June term, 1929. We do not argue this point, since both parties seem to agree thereto.

Appellee contends that the motion was overruled on adjournment of the July-December term, 1928, but we have overruled that contention. That the motion for new trial was finally disposed of during or on adjournment of the January-June term, 1929, appellants sustain by the following argument. Construing subdivision 28 of article 2092, they say: "We submit that the correct construction of the foregoing rule applicable to motions for a new trial is that a motion for a new trial must be acted upon at all events not later than the term of court immediately succeeding the term of court at which it was filed. If this is not a correct interpretation, what limitation is there upon the trial judge? Why could the trial judge not wait ten years or longer, if he chose, to pass on said motion? Would not the litigants be utterly powerless to force the trial judge to act? Under what authority could the litigants force him to act and when. Certainly the Legislature did not intend the important matter of the time within which a motion for a new trial must be acted upon to be left entirely to the whim and caprice of a trial judge. We earnestly submit that such motion can only be acted upon at the term of court next succeeding the term at which it is filed and failure to act upon it within such time the court loses its jurisdiction."

As the judgment became final on adjournment of the January-June term, 1929, the trial court was without jurisdiction to enter the order of December 14, 1929, overruling the amended motion for new trial. That order was therefore absolutely void, and notice of appeal therefrom did not confer jurisdiction upon the Galveston Court of Civil Appeals. It follows that the appeal, in so far as it involves the interests of F. H. and H. S. Jones, must be dismissed.

After the entry of the final judgment and the filing of the amended motion for new trial, F. H. Jones died, and during the July-December term, 1929, after the judgment had become final, his widow, Mrs. Helen Jones, individually and as administratrix of his estate, filed her plea of intervention pleading homestead against the Harris county land. Without hearing any evidence on that issue, the trial court peremptorily entered judgment against her in the order overruling the motion for new trial. This order was error because the court was without jurisdiction to enter any further order in this case. It follows that the judgment of the lower court, in so far as it attempted to adjudicate the interests of Mrs. Helen Jones, must be reversed, and her plea of intervention dismissed.

Judgment of lower court in part reversed, and cause dismissed; in part appeal dismissed.

### On Rehearing.

Appellants attempt to withdraw the propositions advanced in their argument, upon which we based our judgment of dismissal and now assert, if we understand their argument, that a motion for new trial may be pass-

ed from term to term by the trial court at its pleasure, under the facts here shown, and overruled at any succeeding term when it may be called up for adjudication. In this connection they further say: "The only way judgment can become final where a motion for new trial is filed is for that motion to be overruled."

They further assert, and ask us to agree with them therein, that their motion for new trial was granted at the January-June term, 1929, and that the order granting it was not revoked during that term, and that no attempt to revoke the order granting the motion for new trial was made by the trial court until December 14, 1929, during the succeeding term. Upon these assumed facts they advanced the proposition that the order granting the motion for new trial "was binding and in effect on the adjournment of said term of court and continued in force and effect thereafter and for that reason said judgment of date August 23, 1928, to this good day has not and cannot become final."

The following excerpt from their argument states their position as they now present their case:

"Appellants respectfully submit to the court that they have never considered that said judgment became final at any time; quite the contrary. Our contention was and is now that said judgment never became final for the reason that said motion for new trial was not overruled but actually granted. As shown by appellants' brief (pages 21–32) their position was and still is that the trial court was without jurisdiction to enter the order of December 14, 1929, for two reasons:

"(1) The trial court having acted on said motion for new trial by granting it on April 17, 1929, being a regular day of the January-June, 1929 term of said court, and this order being in full force and effect on the adjournment of said term of court, the lower court had no jurisdiction to further act on said motion after the end of said term of court, because a trial court cannot act on a motion for new trial at a later date than the term of court immediately succeeding the term of court at which it was filed.

"(2) The court having entered an order granting said motion for new trial at one term of court lost its jurisdiction to change, annul, amend or in any way vary said order of court with the expiration of said term of court."

We cannot permit appellants to withdraw the propositions advanced by them in their argument quoted in the original opinion and on rehearing substitute in lieu thereof propositions asserting the converse of the position therein taken. That, on the law of these propositions, they lost their appeal, does not give them the right to withdraw these propositions and substitute new propositions in lieu thereof. Having had these proposi-

tions adjudicated in their favor, they are bound by the legal results thereof and are estopped to withdraw them. However, in view of the position now taken by appellants, we withdraw what we said in the original opinion construing subdivisions 28, 29, and 30 of article 2092. We now say, only for the purposes of this opinion, that we adopt appellants' argument quoted in the original opinion, as the correct construction of the articles in question. On this construction of the articles the judgment of dismissal must be affirmed.

But if we should permit appellants to change their position on the construction of the cited articles our judgment of dismissal would not be modified in the least. They ask us to find that the order granting the motion for new trial during the January-June term, 1929, remained in force and effect until the adjournment of that term of court. For the purpose of this opinion, and only for this purpose, we make this finding strictly in accordance with the request of appellants. The result follows, as they insist, that, on the adjournment of that term of court, the trial court lost jurisdiction further to adjudicate the motion for rehearing, and that the order granting it at the next term of court was absolutely void. If the facts are as appellants assert them, that is, that the trial court granted the motion for new trial during the January-June term and did not revoke the order prior to the adjournment of that term of court, then the case now stands for trial on the docket of the lower court.

Notwithstanding their proposition that the order granting the motion for new trial is absolutely void, yet they assert their right to appeal upon that order and to have reviewed all the assignments of error against the judgment on the merits. This they cannot do. To confer jurisdiction upon the appellate court where a motion for new trial is relied upon as the basis of the appeal, there must be a valid order overruling the motion, or it must be overruled by the terms of the law, and there must be a due order of notice of appeal. It should be further said that, if appellants are correct in their contention, a point we cannot adjudicate, that the motion for new trial was in fact granted and not revoked during the January-June term, there is no judgment to appeal from. Appellants would have all the relief which a reversal would give them.

Again appellants assert, as appears from their propositions quoted above, that the judgment on the merits "never became final." If they are correct in this proposition, and having advanced it they are bound thereby, then the appeal must be dismissed, because an appeal can only be prosecuted from a final judgment.

The motion for rehearing is in all things overruled.