**STANDARD ACCIDENT INS. CO. OF DETROIT v. RICHMOND.  (No. 3422.) \***

Court of Civil Appeals of Texas. Texarkana.
July 1, 1927.

Rehearing Denied July 7, 1927.

**1. Insurance ⬦502—Instruction that "suitable repairs and replacements" meant repairs such as would restore injured automobile as nearly as possible to prior condition held not error.**

In suit on automobile collision insurance policy, an instruction that the words "suitable repairs and replacements," as used in policy, meant such repairs and replacements as would restore the automobile "as near as may be possible" to its prior condition *held* not error as placing undue burden of repair upon company.

**2. Insurance ⬦502—Agreement, in automobile collision policy, to make "suitable repairs and replacements" held to mean company would restore car to value it had before injury.**

In automobile collision insurance policy, company's agreement to make "suitable repairs and replacements" on injured automobile

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed October 3, 1927.

*held* to mean company would make the car equal in value to what it was before the injury.

**3. Insurance** ☞661—**In action on automobile collision policy, asking witness whether new body was required to "suitably repair and replace" held not error.**

In action on automobile collision insurance policy, asking witness, a mechanic, whether a new body was necessary in order to "suitably replace and repair" automobile as required by policy *held* not objectionable, in view of facts.

**4. Appeal and error** ☞664(4)—**Where agreed statement of facts and bill of exceptions conflict, former should control.**

Where a statement of facts has been agreed to by the parties to a suit, it should control in cases of conflict between it and the bill of exceptions.

**5. Appeal and error** ☞1050(1)—**Question to and answer of witness, relative to his opinion of automobile's value after injury, held not reversible error, in view of entire testimony.**

In action on automobile collision insurance policy, asking an automobile mechanic as a witness his opinion of automobile's value after the injury, to which he replied that it would have no value for him, *held* not reversible error, in view of his whole testimony.

Appeal from District Court, Red River County; R. J. Williams, Judge.

Action by W. S. Richmond against the Standard Accident Insurance Company of Detroit. Judgment for plaintiff, and defendant appeals. Affirmed.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellant.

Edgar Wright, of Paris, for appellee.

HODGES, J. The appellee, plaintiff in this suit, was the owner of an automobile, on which he carried a policy of insurance against injuries caused by collisions. His car was injured within the terms of the policy, and he brought this suit to recover his damages. He alleged that the car was practically new and immediately before the injury was worth the sum of $1,695; that as a result of the injury it was rendered worthless. He set out in detail the parts damaged and the repairs that would be required to restore the car to its original condition, together with the cost of those parts and repairs. Those aggregated the sum of $1,695, the value of the car immediately before injury. He asked judgment for that sum. In the alternative, he prayed for such portion of that sum as would indemnify him against the loss sustained.

[1, 2] The court submitted to the jury two issues of fact. In the first, the jury was asked to find the intrinsic value of the automobile at the time of and immediately before the injury. This was placed at $1,695. In the second, he asked the jury what amount of money would be the actual cost of making suitable repairs and replacements on the automobile and its operating equipment attached thereto immediately after the injury. The answer to this was $1,195. In connection with these interrogatories, the court gave the following:

"In answering the above and foregoing questions, you are instructed that the words 'suitable repairs and replacements,' as used in the policy of insurance insuring the plaintiff's automobile and operating equipment attached thereto, means such repairs or replacements as are proper to restore the car in appearance, usefulness, utility, and durability as near as may be possible to the condition it was in prior to sustaining injury."

Appellant complains of this definition of "suitable repairs and replacements." The specific objection is that, in using the words "as near as may be possible to the condition," etc., he placed an undue burden on the defendant, because defendant was only required to restore the car to substantially the same condition it was in before the accident. The injury being one for which the appellant was liable under the terms of the policy, the appellee had the right to claim full compensation for his loss. That loss was the difference between the value of the car before and after the injury. Appellant had, in effect, contracted to do all that reasonably could be done to restore the car to its original condition in the way of making repairs and replacements, or to pay the full amount of the damages sustained. The testimony indicates that the principal damage was to the body of the car. Witnesses testified that this could not be restored to its original condition by merely being repaired. It was damaged to the extent that this was impossible, they stated. Appellant contends that it was only required to pay the cost of restoring the car to substantially the same condition it was in before the injury. That is true, if the words "substantially the same" mean a condition which made the car equal in value to what it was before the injury. Anything less than that would not be adequate compensation for the loss sustained. The use of the word "possible" did not, under the facts of this case, require the appellant to do more than it had contracted to do. The evidence showed that the car had been used but little, and the jury found that its value just before the injury was equal to its purchase price, $1,695. The verdict of the jury showed an allowance of $500 as the value of the car and its parts after the injury. Evidently the jury concluded that some of those parts were uninjured or could be repaired. While the appellee was on the stand testifying in his own behalf, he was interrogated as to the condition of the body of the car after injury and the effect of attempting certain methods of repair; also, as to how the engine

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

operated after the injury. Objection was made to his answers because he was not an expert on those subjects. The evidence justified the court in concluding that he was qualified to give the answers made.

[3, 4] Plaintiff's witness E. L. Kirksey was asked, in substance, whether or not it required a new body in order to suitably replace and repair the automobile. That was objected to because it was immaterial, irrelevant, inflammatory, and prejudicial and had no bearing on the case and was the very issue the jury was to determine. The bill of exceptions shows that the objection was overruled, and the witness answered, "I think the only suitable way to fix that would be to replace it with a new one." In passing upon the assignment presenting that objection, it is only fair to look to the statement of facts for the purpose of ascertaining what that witness did say. The statement of facts was agreed to, and in cases of conflict between it and the bill of exceptions should control. Wiseman v. Baylor, 69 Tex. 63, 6 S. W. 743; W. U. Tel. Co. v. Gresman (Tex. Civ. App.) 223 S. W. 1052. The witness was a mechanic, familiar with automobiles. He had inspected this car after the injury, and in the trial testified at some length as to its condition. The following excerpt shows the connection in which the answer objected to occurs:

"It would be hard to make a suitable repair with that body that is on there and put it in as good shape as it was before it was turned over and damaged. It would be almost impossible to make that repair and put it back in that shape, because you would have to go in there and tear all that metal work off the outside of the frame to get it before you could tell the extent of the injury, and you could hardly get that metal—that covering—back on there like it was before. You could not ascertain the damage to the frame without taking it off, and I think the only suitable way to fix that would be to replace it with a new one—a new body."

We think the testimony was not subject to the objections made.

[5] A similar question was asked of Kurkendall, another witness for the appellee, and a similar objection made. This witness had also made a personal inspection of the injured car, and, while not an expert mechanic, he was familiar with automobiles and their parts. He stated that he was engaged in the business of repairing cars. He testified in detail as to the condition this car was in, describing the various parts that were injured. He then said, referring to making repairs:

"It would not have the original strength, and you could not tell how long it would last. It might go to pieces right away, and might last a year; you could not tell. In my opinion, that body of Mr. Richmond's car could not be suitably repaired or replaced in any way except by the putting of a new body on the car."

The same witness was also asked the following:

"What, in your opinion, would be the value of this Richmond car in the condition it was after it received this injury—its intrinsic value?"

—to which he answered:

"None for me, sir."

That was objected to because it was irrelevant and immaterial and the answer not responsive to the question. The statement of facts shows that the witness testified as follows:

"I am asked in my opinion what would be the value of this Richmond car in the condition it was in after it received this injury—its intrinsic value. If you want to know personally what I think the automobile is worth, if I wanted to buy it myself, I would not want to buy it, for two reasons. It has no intrinsic value for me, in my opinion. The car has some value; I could not tell you what it is. I know it has some value, but I could not tell you what it is. It would not have any value over and above the value of the parts that were taken from the car, in its present condition. In other words, he would have to junk the car and sell the pieces. As to whether or not a new car, 18 days old, in the condition I saw it, could be repaired, that is all the value it would have to me, would be for me to junk it. A Buick dealer could, perhaps, by putting lots of new parts in the automobile and making the outward appearance look like it was a new automobile, sell it to a man who did not know it had been in a wreck."

Considering the answer objected to in connection with his other testimony, the jury could not have understood the witness as saying the wrecked car was entirely worthless. He meant merely to say that it was valueless to him in his business. While the question might have been properly excluded, the answer in the connection in which it appears could not have done any injury.

The judgment will be affirmed.