**HOME INS. CO. v. KETCHEY et al.**

**No. 1087.**

Court of Civil Appeals of Texas. Waco.

Dec. 31, 1931.

Leachman, Gardere & Bailey, of Dallas, for appellant.

M. L. Bennett, of Normangee, for appellees.

GALLAGHER, C. J.

J. R. Ketchey, hereinafter called appellee, sued the Home Insurance Company, hereinafter called appellant, on a fire insurance policy issued to him by it promising to indemnify him against loss or damage to his automobile by fire in a sum not to exceed $950. The car was a Nash sedan. It was purchased new October 24, 1929. The total cost thereof was $1,240, of which a part was paid in cash, a part by the delivery of a used car, and the remainder by a note secured by a lien on the new car. Appellee Ked Wallace, the holder of the unpaid purchase-money note, intervened. No issues involving his rights are raised in this appeal. Appellee's car was badly damaged by fire on March 30, 1930. The speedometer thereon showed that it had been run approximately 6,500 miles. There was testimony tending to show that the car at the time it was burned was in good condition, and that the only visible injuries was evidence of having been run over ordinarily rough country roads and of a few cracks in the fenders, which were of light material. Appellant and appellee were unable to agree upon the amount of damage. Negotiations for a settlement continued until some time in September, when appellant proposed, and appellee consented to, an appraisement. Appellant appointed W. W. McClellan as its appraiser. Appellee appointed W. W. Newberry. Said appraisers together selected L. D. Oliver as umpire. Appellant's appraiser, McClellan, was engaged in Dallas in the garage business and in repairing or rebuilding wrecked cars. He had served as an appraiser for appellant on two prior occasions. The testimony does not disclose the extent of his service in that capacity in the appraisal of damage to cars for other insurance companies. Appellee's appraiser, Newberry, was a bookkeeper in a Ford sales agency. He was not familiar with any other class of cars. He was wholly uninformed with reference to the original cost of Nash cars or the reasonable cost of repairs and replacements thereon. There is nothing in the testimony to indicate that he had ever served as an appraiser before. He had no conversation with appellee prior to the appraisement. The appraisers, together with the umpire, met at the damaged car. There was testimony that they spent five or ten minutes examining the same; that they walked around the car, looked in the window at the inside thereof, lifted one side of the hood and looked at the engine; that no further examination was made; that appellant's appraiser McClellan took the lead in making the appraisement; that he told Newberry that appellee's car should have been bought at nine hundred or nine hundred and fifty dollars, that he could take it into his shop in Dallas, put on a new top, new upholstering, new fenders, and rewire it, for $450 or $500; that Newberry, being wholly uninformed on such matters, accepted his statements. McClellan wrote an award placing the sound value of the car at $550, the salvage at $50, and appellee's

loss at $500.' The same was signed by the appraisers. The umpire, Oliver, did not take any part in the appraisement, but he signed the award. Appellee was nearby at the time of the appraisal. Nobody asked him any questions about the prior condition of the car. Newberry testified that, while he knew the car was in first-class condition prior to the fire, he did not consider such fact, but relied on McClellan's statement as to the cost of the repairs suggested by him. McClellan testified that a new body was not necessary, and that he estimated the cost of a new top, new upholstering, new fenders, rewiring, and repainting only. There was no testimony that the repairs or replacements enumerated would have put appellee's car in substantially the same condition it was in before the fire. McClellan merely testified that the same would put the car "in running condition." Oliver did not testify. The award was presented to appellee immediately after it was made, and the representative of appellant present at the time urged him to accept it, but he immediately repudiated it as unfair and unjust to him.

Appellant as a defense in this suit relied on the award as made, and paid the amount of the same into court. Appellee assailed such award as unfair and grossly inadequate to compensate him for his loss. He alleged that McClellan was unfair and partial to appellant, and that Newberry intentionally disregarded the condition and value of said car prior to the fire.

The case was submitted to the jury on special issues. Said issues, with the answers of the jury thereto, were as follows:

"(1) Did the appraisers, W. W. Newberry and W. W. McClellan, in appraising the damage done to the car of J. R. Ketchey, make a gross mistake in appraising the same at $500.00? Answer: Yes.

"(2) What amount of damage was done to the car of J. R. Ketchey by the fire burning the same? Answer: $874.00."

The court found upon the uncontroverted evidence that the intervener, Ked Wallace, held a lien on said car for the sum of $641.50. He rendered judgment in accordance with the verdict, setting aside the award of the appraisers and properly apportioning the recovery between appellee and intervener.

### Opinion.

Appellant assigns as error the action of the court in overruling its objection to the issues submitted to the jury for determination because the court, neither in framing the same nor otherwise, placed the burden of proof thereon on appellee. The right of parties litigant to have a proper charge on the burden of proof is a valuable one, and the court erred in overruling said objection. Boswell v. Pannell, 107 Tex. 433, 438, 180 S. W. 593, 595; City of Corsicana v. King (Tex. Civ App.) 3 S.W.(2d) 857, 863, 864 (writ refused); Colvard v. Goodwin (Tex. Civ. App.) 24 S.W. (2d) 786, 793, and authorities there cited; St. L. S. W. Ry. Co. v. Weathersbee (Tex. Civ. App.) 22 S.W.(2d) 986, 987; Houston & T. C. Ry. Co. v. Stevenson (Tex. Com. App.) 29 S. W.(2d) 995, 999.

Appellant assigns as error the action of the court in overruling its objection to the submission of the first special issue. The ground of such objection was that there was neither pleading nor evidence to warrant such submission. Appellee pleaded that McClellan was intentionally unfair and purposely undervalued the car, that Newberry failed intentionally to value the car as it existed immediately before the fire, and that the award was grossly inadequate. He did not allege in specific terms that such award was the result of a gross mistake on the part of the appraisers, or either of them. Since the cause will be remanded, appellee will have an opportunity to amend his pleadings. By the very terms of the stipulation in the policy under which the appraisal was had, the appraisers were required to be competent and disinterested. While Newberry was appointed by appellee, he was in no sense appellee's agent, and he remained under the duty at all times in making such appraisal to exercise his best judgment, with fairness and impartiality. Royal Insurance Co. v. Parlin & Orendorff Co., 12 Tex. Civ. App. 572, 34 S. W. 401, 403. By the terms of submission, the appraisers were required to find the sound value of appellee's car, meaning, of course, such value immediately before the fire. The award they returned purported to find such sound value. Newberry testified affirmatively that he valued the burned remains of the car as he saw it on the day of appraisal with the proposed repairs and replacements added; that he did not place a value thereon in its sound condition before the fire, as he was required and purported to do. See, in this connection, Collings Carriage Co. v. German-American Ins. Co., 86 N. J. Law, 53, 97 A. 726, 728, from which we quote as follows:

"The situation thus presented discloses an award signed by the two appraisers, certifying to a sound value ascertained by them, whereas one of them did not in fact either appraise or ascertain, or undertake to appraise or ascertain, the sound value, but, on the contrary, gave no consideration whatever to that subject.

"There is one essential element which obviously must enter into any award, to give it inherent vitality. It must be a real award; it must correctly embody the real judgment of the parties who make it. If through fraud, accident, or mistake the written instrument which is returned as an award is not the real award of the parties who return it, if through

fraud, accident or mistake it does not embody the real judgment of the parties who return it, it is not their award. With errors of judgment on the part of the parties making the award this court has no concern; but if the award which is returned does not embody their real judgment on the matters submitted for their award, this court should relieve against its operation as an award. * * *

"The distinction between an error of judgment and a total failure to give any consideration whatever to the matter submitted is clear and distinct. In the one case there is the honest exercise of a frail judgment, in the other there is no honest attempt to exercise any judgment, and the award is necessarily a false certification of judgment."

See, also, Elliott v. Fidelity-Phenix Fire Ins. Co. (Mo. App.) 267 S. W. 441, 444 (bottom first column).

Gross inadequacy of the award made by the appraisers, if it was grossly inadequate, as contended by appellee, could be considered by the jury in determining whether such award was the result of partiality, bias, or gross mistake on the part of the appraisers, or either of them. Royal Insurance Co. v. Parlin & Orendorff Co., supra; Pennsylvania Fire Ins. Co. v. W. T. Waggoner Estate (Tex. Civ. App.) 41 S.W.(2d) 340, 342, par. 4, affirmed (Com. App.) 39 S.W.(2d) 593, 595, pars. 3 and 4; 5 C. J. 191; Non-Royalty Shoe Co. v. Phœnix Assurance Co., Ltd., 277 Mo. 399, 210 S. W. 37, 39, pars. 2 and 3; 7 Cooley's Briefs on Insurance, p. 6208. The witness McClellan was interested in sustaining the validity and integrity of his award, and under the well-established rule his credibility and the weight to be given to his testimony were for the jury. We refrain, in view of another trial, from discussing the evidence. We are of the opinion, however, that the issues of unfairness, bias, and gross mistake were raised thereby.

 Appellant assigns as error the action of the court in overruling its objection to the second issue submitted, on the ground that the same, as a measure of damage, was not in accord with the stipulations contained in the policy limiting the amount of its liability. One of such stipulations was as follows: "This company's liability for loss or damage to the automobile described herein shall not exceed the actual cash value thereof at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated accordingly, with proper deduction for depreciation, however caused, and without compensation for loss of use, and shall in no event exceed the limit of liability, if any, stated in Paragraph C, nor what it would then cost to repair or replace the automobile or parts thereof with other of like kind and quality. Such ascertainment or estimate shall be made by the assured and this company, or, if they differ, then by appraisal as hereinafter provided."

Paragraph C referred to in the above excerpt limited appellant's liability in any event to $950. A further stipulation provided for the appointment of appraisers, and prescribed their duties as follows: "The appraisers shall then appraise the loss and damage, stating separately the sound value and loss or damage, and failing to agree, shall submit their differences only to the umpire. An award in writing of any two when filed with this company shall determine the amount of sound value and loss or damage."

Of course, these stipulations must be considered together, not only in determining the indemnity to which the insured is entitled when fixed by an award, but also when fixed by a jury. We think that these limitations invoked in case of loss or damage a finding as to the sound value of the insured car immediately before the fire, and a further finding of whether the same after the fire was susceptible, by a reasonable expenditure for repairs and replacements, of restoration to substantially the same condition as it was in before the fire. If so, then the reasonable cost of such repairs and replacements would determine the amount of loss to the insured. If not, then the difference between the sound value of the car and the value of the remains, if any, as salvage, would determine the amount of such loss. Of course, the cost of replacing the burned car with another of the same kind and in like condition might be considered in determining the sound value of the car. Such, in substance, was the holding of the court in Automobile Underwriters v. Radford (Tex. Civ. App.) 293 S. W. 869, 870, 871, 872, affirmed (Com. App.) 299 S. W. 852, 854. See, also, Milby Auto Co. v. Kendrick (Tex. Civ. App.) 8 S.W.(2d) 743, 744, par. 1; Maryland Motor Car Ins. Co. v. Smith (Tex. Civ. App.) 254 S. W. 526, 527, 528; Texas Moline Plow Co. v. Niagara Fire Ins. Co., 39 Tex. Civ. App. 168, 87 S. W. 192; Stoors v. First American Fire Ins. Co., 160 Tenn. 239, 22 S.W.(2d) 1038, 1039, 1040. The court erred in overruling appellant's objection to said issue.

The judgment of the trial court is reversed, and the cause remanded.