## BANKERS & SHIPPERS INS. CO. OF NEW YORK v. ELLIS GREEN MOTOR CO.

### No. 3481.

Court of Civil Appeals of Texas. El Paso.

Feb. 11, 1937.

Rehearing Denied March 4, 1937.

Bryan & Bryan, of Houston, for appellant.

Brantly Harris and George W. Coltzer, both of Galveston, for appellee.

HIGGINS, Justice (after stating the facts as above).

1. The first point presented is the theft of the car was not covered by the policy, because the salesman Boren had authority to surrender the possession of the car to Smythe, and voluntarily did so. All of the

evidence shows Boren had no express authority to surrender cars to prospective purchasers for demonstration unless he or some other representative of the assured went with the car; that his action in this instance was contrary to the order of his employer, and he was immediately discharged for disobeying such order.

■ Implied authority, as distinguished from apparent authority, is actual authority circumstantially proven, and embraces authority to do whatever is reasonably necessary, usual, and proper to accomplish or perform the principal act or transaction, the performance of which has been expressly delegated to the agent. 2 C.J.S. Agency, § 99; 2 Am.Jur. Agency, §§ 85, 86; Continental Oil Co. v. Baxter (Tex.Civ.App.) 59 S.W.(2d) 463.

The trial court found Boren did not have implied authority to part with the possession of the car.

■ This finding cannot be disregarded unless it can be said, a mere salesman, authorized by his principal to sell cars, has implied authority, as a matter of law, to surrender to prospective purchasers a car for the purpose of demonstration without any safeguard for its return; that he has such general implied authority, though he knows nothing concerning the reliability or responsibility of the proposed purchaser. It is a matter of common knowledge theft of automobiles is a most common offense; that in a few hours a stolen car may be far removed; its recovery and the apprehension of the thief most difficult, and very frequently impossible.

The authority of Boren to deliver the car to Smythe, whom Boren knew by sight and name only, is not to be necessarily implied. The finding upon the issue is sustained, and the point presented overruled.

In Stuart Motor Co. v. General Exch. Ins. Corp. (Tex.Civ.App.) 43 S.W.(2d) 647, the salesman acted within the scope of his authority in delivering the truck, which distinguishes it from this case.

In the Higgenbotham Case (American Indemnity Co. v. Higgenbotham) (Tex.Civ. App.) 52 S.W.(2d) 653, no question was raised as to an authorized delivery. From the opinion it would seem delivery was made by the assured.

■ 2. The premiums were to be computed and paid monthly. They were to be computed upon monthly statements to be made by the assured. The policy required the assured to make such statements. The proof shows it did, but there was no pleading to that effect by plaintiff. The appellant asserts the making of such reports was a condition precedent necessary to be pleaded and proven by appellee. Such is not the nature of the stipulation in question.

It appears in the policy subsequent to the stipulation which provides that no suit shall be sustained "unless the assured shall have fully complied with all the foregoing requirements." The stipulation regarding the monthly statements to be made by the assured is merely a promissory warranty in the nature of a condition subsequent, the breach of which would avoid the policy at the election of the insurer.

3. The circumstances under which the car was stolen were particularly pleaded in the petition and shown by the evidence. Wherefore both the pleadings and the evidence show the loss was covered by the general liability provision of the policy, and not within any of the excepted risks.

■■ 4. In determining the measure of plaintiff's damage the "Limitation of Liability," "Appraisal," and "Protection of Salvage" sections of the policy are to be considered together. Home Ins. Co. v. Ketchey (Tex.Civ.App.) 45 S.W.(2d) 350. After the repairs had been made, the car was worth $67 less than before it was stolen. It thus appears the repairs did not substantially restore the car to its former condition and value. The cost of the repairs was therefore not the proper measure of damages. The proper measure, under the two sections first mentioned, was $168.90, being the difference in the value of the car before it was stolen and after it was stolen, recovered, and repaired (Home Ins. Co. v. Ketchey, supra), to which should be added the expense ($22.86) of returning the car to Galveston. This latter item is recoverable under the protection of salvage section of the policy.

5. The foregoing conclusions dispose of the controlling questions in the case. Other questions presented in the form of subpropositions have been considered, are regarded as without merit, and are overruled. For the most part they consist of correct abstract propositions of law which have no application upon the record here presented.

Affirmed.