## HOME INS. CO. v. FOUCHE.
### No. 5786.

Court of Civil Appeals of Texas. Texarkana.
March 20, 1941.

Wheeler, Atchley & Vance, of Texarkana, for appellant.

Carney & Carney and Tom J. Mays, all of Atlanta, for appellee.

JOHNSON, Chief Justice.

This suit was filed by J. D. Fouche against Home Insurance Company to recover on a fire insurance policy issued by the defendant covering a certain Ford truck owned by plaintiff. The Universal Credit Company held a lien against the truck securing the payment of a part of the purchase price. The loss clause in the policy was made payable to Mr. Fouche and the Universal Credit Comapny as their interest may appear.

Plaintiff alleged that the truck was destroyed by fire; that at the time it was destroyed the truck was of the reasonable cash market value of $800; "that after the truck was burned, the salvage from the truck was of a cash market value of $100"; that plaintiff was damaged in the sum of $700 for which he prayed judgment. Defendant by its amended original answer filed a general demurrer, general denial, and specially pleaded, among other facts, that at the time of the fire the Universal Credit Company held a valid lien against the truck securing the payment of $540 balance due on the purchase money and that defendant had under the terms of the policy paid said lien holder $218.73 which was all the damages sustained to the truck as the result of the fire. Defendant prayed that should it be found that the truck was damaged in excess of $218.73 that it be given credit for the amount paid the lien holder. On trial of the case it was agreed that any amount recovered by plaintiff should be credited with the $218.73 paid by the defendant to the Universal Credit Company. The cause was submitted to a jury upon four special issues reading as follows:

"No. 1: Do you find from a preponderance of the evidence that the insured automobile was rendered a total loss, by reason of the fire in question?" Answer: "No."

"No. 2. What do you find, from a preponderance of the evidence, was the reasonable cash market value of the truck just prior to the fire?" Answer: "$650.-00."

"No. 3. What do you find, from a preponderance of the evidence, was the reasonable cash market value of the truck just after the fire?" Answer: "$100.00".

"No. 4. From a preponderance of the evidence, what sum of money do you find, if any, would be necessary to repair or replace said truck, or parts thereof, with other of like kind and quality?" Answer: "$550.00".

Upon the verdict of the jury judgment was entered in favor of plaintiff and

978

against defendant for the sum of $550, less the sum of $218.73 paid by defendant to Universal Credit Company. From an order overruling its motion for new trial, defendant has appealed.

■ Appellant complains of the action of the trial court in overruling its motion for new trial, because the evidence is insufficient to support the finding of the jury in answer to special issue No. 4. It appears from the record that the contention must be sustained. The contract of insurance sued upon contains the following provisions: "This Company's liability for loss or damage to the automobile shall not exceed the actual value thereof at the time any loss or damage occurs and the loss or damage shall be ascertained or estimated accordingly, with the proper deduction for depreciation however caused, and without compensation for loss of use, and shall in no event exceed the limit of liability, if any, stated in Item 3 of the Declarations, nor what it would then cost to repair or replace the automobile, or parts thereof, with other of like kind and quality, such ascertainment or estimate shall be made by the insured and this Company, or if they differ, then by appraisal as hereinafter provided." The above quoted provisions constitute limitations upon the amount for which the insurer may be held liable. American Indemnity Co. v. Jamison, Tex.Civ.App., 62 S.W. 2d 197; Home Ins. Co. v. Ketchey, Tex.Civ. App., 45 S.W.2d 350; Maryland Motor Car Ins. Co. v. Smith, Tex.Civ.App., 254 S.W. 526; Automobile Underwriters of America v. Radford, Tex.Civ.App., 293 S.W. 869; Northern Assurance Co., Ltd., v. Herd, Tex.Civ.App., 273 S.W. 884. Expressed in other words, the insurance contract does not undertake to indemnify the insured against *all* loss or damage he may have sustained, but limits the liability of the insurer not to exceed either one (the smallest) of the following amounts: (1) Not to exceed the amount of the actual value of the truck at the time of the fire; (2) not to exceed the amount stated in Item 3 of the policy (the amount stated in Item 3 is $837); (3) not to exceed the amount that it would cost to replace the truck with another truck of like kind and quality; (4) not to exceed the amount it would cost to replace the truck with parts of a like kind and quality. The amount last above named, No. 4, is material when the fire has not resulted in what is generally termed a total loss as an automo-

bile; that is, where it has been damaged only to the extent that it is reasonably subject to being repaired to its former state or condition. The automobile here in question was not a total loss as an automobile. The testimony shows that the damages sustained was to the cab, battery, and wiring of the truck. Appellee introduced testimony as to cash market value of the truck immediately before and after the fire. It is not shown but that appellee's witness in testifying as to the value of the truck after the fire was referring to its value as salvage only. Appellee offered no testimony showing what it would cost to repair the truck. Appellant's witness Morris Hampton testified that he purchased the truck from Mr. Fouche after the fire; that he repaired it at an expense of approximately $50 and was still running the truck. Mark M. Greason, witness for appellant, testified that he was an automobile mechanic and that he had worked in Ford shops for about fourteen years; that at the time Mr. Fouche's truck was burned witness was service manager at Atlanta Motor Company; that it was a part of his duties to make estimates of the cost of repairing damaged automobiles; that at the request of his employer and an insurance adjuster witness thoroughly examined the damaged truck in question and made an estimate of what it would cost to completely repair it; that the total cost, labor and all, of repairing the truck would amount to $202.06, which would include the replacement of all burned and damaged parts with new parts.

■ Appellee makes contention to the effect that special issue No. 4 is duplicitous in that it inquires as to cost of replacing the truck with another of like kind and quality; and inquires as to the cost of repairing the truck with parts of a like kind and quality; therefore, the answer of the jury may be made referable to the inquiry as to the cost of replacing the truck. We agree that the question is duplicitous. But should it be assumed that the answer of the jury is referable to the inquiry as to the cost of replacing the truck, the verdict would be without any finding as to the cost of repair. A finding as to the cost of repairing the truck is essential to a judgment in this case, since it is shown that it is reasonably capable of being repaired. Should it be assumed that the answer of the jury to said issue No. 4 is referable to the inquiry as to the cost of repair, then it is apparent that the evidence is insuffi-

cient to support the amount found by the jury.

The judgment of the trial court will be reversed and the cause remanded.