## STUYVESANT INS. CO. v. DRISKILL.
### No. 15294.

Court of Civil Appeals of Texas.
Fort Worth.
Dec. 7, 1951.

John F. Harrison and J. Alex Blakeley, both of Dallas, for appellant.

Garrett & Garrett, of Fort Worth, for appellee.

RENFRO, Justice.

Bayne E. Driskill purchased a new Mercury automobile in March, 1950, and procured a theft insurance policy thereon from Stuyvesant Insurance Company, appellant.

On December 17, 1950, the automobile was stolen from a parking lot in Austin, Texas. The policy was in force and effect at all pertinent times hereto.

Appellee immediately notified appellant of the theft. On January 3, 1951, appellee filled out and returned proof of loss to appellant. On March 14, 1951, which was more than sixty days after the proof of loss was submitted to appellant and eighty-seven days after the theft of the automobile, appellee filed suit against appellant for the actual cash value of the automobile as of date of theft. Judgment was rendered for appellee on the 7th day of June, 1951.

The appellant, in its first two points, alleges error of the court in rendering a judgment allowing appellee to abandon the automobile to appellant contrary to the provisions of the policy, and in failing to limit appellee's recovery to the measure of damages provided by the policy.

The policy contained the following provisions:

"The limit of the company's liability for loss shall not exceed the actual cash value of the automobile, or if the loss is of a part thereof the actual cash value of such part, at time of loss nor what it would then cost to repair or replace the automobile or such part thereof with other of like kind and quality, * * *.

"The Company may pay for the loss in money or may repair or replace the automobile or such part thereof, as aforesaid, or may return any stolen property with payment for any resultant damage thereto at any time before the loss is paid or the property is so replaced, * * * but there shall be no abandonment to the Company."

The automobile was located by law enforcement officers and delivered to the appellant approximately a month after suit was filed. It has never been in possession of the appellee since the date of the theft.

The automobile had been wrecked before recovery. The appellant placed it in a repair shop and carried on some negotiations with appellee, but no settlement was ever reached.

■ The trial court found that appellee had at all times been ready and willing and had offered to accept delivery in its present condition and give credit to appellant on his claim, but appellant had refused delivery of possession. The evidence being sufficient to uphold the trial court's finding, we conclude there was no abandonment to the appellant by the appellee.

■ There then remains the question whether the trial court allowed the proper measure of damages.

The only evidence in the record pertaining to any offer on the part of appellant to comply with the contract of insurance prior to the time suit was filed was the testimony of appellee that appellant offered to send a car from Oklahoma of like make, worth $1400, if appellee would accept same sight unseen in settlement of his claim. Obviously, therefore, the appellant did not exercise its option under the terms of the policy to "replace the automobile with one of like kind and *quality*."

Appellant contends that recovery should have been restricted to the cost of repairs.

The court found that on the date of the theft the automobile had a cash market value of $2100 and in its condition at time of trial it had a value of $1200; that some repairs had been made and $400 more repairs were necessary to put the automobile in salable condition, and that when such repairs were made, they would not substantially restore the automobile to its former condition and value. The court entered judgment for $2100 as the actual cash market value of the automobile immediately prior to the theft.

Since the trial court found that appellant did not exercise its option to replace or repair and deliver the automobile to appellee, the proper measure of damages was the actual value of the automobile at the time of the theft. The court properly treated the automobile as a total loss.

■ Where there is a total loss or where the automobile cannot be substantially restored to its former value, the provision of the policy allowing the insuror to pay the cost of repairs is not applicable. Home Ins. Co. v. Fouche, Tex.Civ.App., 149 S.W.2d 977; Bankers & Shippers Ins. Co. of New York v. Ellis Green Motor Co.,

Tex.Civ.App., 102 S.W.2d 294, error dismissed. The words "repair" and "replace" used in the policy mean the restoration of the automobile to substantially the same condition in which it was immediately prior to the theft and it would not be restored to the condition if the repairs left the market value of the automobile substantially less than the value immediately before the theft. Smith v. American Fire & Casualty Co., Tex.Civ.App., 242 S.W.2d 448; Standard Accident Ins. Co. of Detroit v. Richmond, Tex.Civ.App., 297 S.W. 879; Bankers & Shippers Ins. Co. of New York v. Ellis Green Motor Co., supra; Home Ins. Co. v. Ketchey, Tex.Civ.App., 45 S.W.2d 350.

■ If the automobile had been repaired and returned, the proper measure of damages would have been the difference between the value of the automobile on December 17, 1950, before stolen, and the value after it was stolen, recovered and repaired. The court found that the automobile would not, when repaired, be in substantially the same condition as when stolen. Therefore, if the automobile had been returned to appellee, he would have been entitled to the difference in the cash market value before and after the theft. Under the court's findings, the automobile as unrepaired was worth $1200. Appellee would therefore have been entitled to $900 if the automobile had been returned to him in its wrecked condition. Since appellant did not, under the trial court's finding, tender or deliver the automobile to appellee, it became obligated to pay appellee the actual cash value of the automobile as of the time it was stolen. Under the finding of the court, the loss was total and the evidence supports the judgment for $2100 for the cash market value of the automobile. The first two points of error are overruled.

■ Appellant next complains that the judgment of the trial court is vague and indeterminate in its provisions.

Appellant's attorney repeatedly asked appellee on cross-examination if he would then agree to accept the automobile if tendered to him. Appellee indicated he would be willing to accept it and give appellant credit for its market value. The judgment of the court gave the appellant the privilege of delivering the automobile to appellee, and receive a credit of $1200, but provided for execution for the full amount of the judgment if the appellant did not avail itself of the privilege of delivering the automobile.

This provision was inserted for the benefit of appellant and only the appellee could be harmed thereby. He has raised no objection. Under the circumstances, we are not disposed to disturb the judgment of the trial court.

In view of our holding on the above point, the remaining error of which complaint is made becomes immaterial.

Judgment of the trial court is affirmed.