**AMERICAN STANDARD COUNTY MUT. INS. CO.**
v.
**BARBEE et al.**

No. 15454.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 6, 1953.

James E. Rexford, Wichita Falls, for appellant.

W. E. Fitzgerald, Wichita Falls, for appellees.

RENFRO, Justice.

On December 26, 1951, H. D. Barbee purchased a new Hudson automobile for $3,116, and on the same day secured an insurance policy from the American Standard County Mutual Insurance Company, indemnifying him against loss or damage to the automobile by collision or upset.

On the 28th of February, 1952, after the automobile had been driven approximately 7,000 miles, it was badly damaged in an upset. Barbee immediately notified the Insurance Company. Its agent took possession of the automobile and sent it to Missouri for the purpose of making repairs. It was tendered to Barbee the last part of April. He refused to accept the automobile, contending that it had not been properly repaired. After considerable negotiations, the Company left the automobile at Barbee's place of business with the statement that they would do nothing further about it. Thereafter he, joined by First State Bank of Marlow, Oklahoma, mortgage holder, filed suit against the Company in the district court of Wichita County, setting out the above facts, and suing, first, for the total value of the automobile as a total loss; and, in the alternative, for the difference between the market value of the automobile immediately before the accident and the market value after the accident, and, based on allegations that the Company kept the automobile an unreasonable length of time after repairing same, asked for damage for loss of use thereof. The defendant filed an answer denying the plaintiff's claims and pleading that the automobile was substantially restored to its condition prior to the upset.

The jury found that the automobile was not a total loss; that the defendant failed to restore the automobile in question to as good condition as it was prior to the accident; that its market value immediately prior to the upset was $2,616; that the market value after being repaired by the defendant and tendered to plaintiff was $2,000; and based on the finding that the defendant kept the car an unreasonable length of time after repairs were made, the jury found that plaintiff was entitled to $300 for loss of use of the automobile.

Appellant contends the court erred in overruling its objection to Issue No. 3 (on value after repaired). Its assignment in the motion for new trial reads as follows: "The court erred in overruling defendant's objection to Special Issue No. 3, which objection was as follows: 'Defendant objects to the submission of Special Issue No. 3 for the reason that said Issue was immaterial and that said Issue did not apply the proper measure of damages.'"

The plaintiff Barbee testified to more than twenty specific items not repaired or repaired improperly by the defendant. He was corroborated in part by automobile body repair men. Other testimony of automobile men amply supports the jury finding that the automobile as repaired had a market value of $616 less than the market value immediately preceding the upset.

The words "repair" and "replace" used in a policy of this kind mean the restoration of the automobile to substantially the same condition in which it was immediately prior to the collision and it would not be restored to the condition if the repairs left the market value of the automobile substantially less than the value immediately before the collision. Smith v. American Fire & Casualty Co., Tex.Civ. App. 242 S.W.2d 448; Standard Accident Ins. Co. of Detroit v. Richmond, Tex.Civ. App., 297 S.W. 879; Bankers & Shippers Ins. Co. of New York v. Ellis Green Motor Co., Tex.Civ.App., 102 S.W.2d 294, error dismissed; Home Ins. Co. v. Ketchey, Tex. Civ.App., 45 S.W.2d 350; Higgins v. Standard Lloyds, Tex.Civ.App., 149 S.W.2d 143; Blashfield, Cyclopedia of Automobile Law and Practice, Vol. 6, Perm. Ed., p. 468, sec. 3791.

124

 Since the repairs did not substantially restore the automobile to its former condition and value, the proper measure was the difference in the value of the automobile before it was wrecked and after it was wrecked, repaired and tendered to the plaintiff. Bankers & Shippers Ins. Co. of New York v. Ellis Green Motor Co., Tex.Civ.App., 102 S.W.2d 294.

The point of error is overruled. .

In its motion for new trial the appellant alleged error on the part of the court in overruling its motion for judgment non obstante veredicto, and brings that assignment forward as a point of error. The evidence as to value before and after the upset was conflicting. The trial court did not err in overruling the motion.

The point of error is overruled.

Appellant contends there was no evidence to support the finding of the jury allowing $300 for loss of use of the automobile. There is evidence in the record that automobiles of like kind had a rental value of $1 per day plus 7¢ per mile in Wichita County. Such testimony might under some state of facts or situations have sustained a finding for appellee Barbee. In the instant case, however, he did not establish upon the trial that he had actually suffered any loss of material value by reason of being deprived of the automobile. The record is silent as to what use he made of the automobile before the accident or for what purpose he would have used it had it not been damaged. He did not, so far as the record reflects, rent an automobile for use nor was he out any expense whatever by reason of not having the use of the automobile. Under the evidence as reflected by the record, we sustain appellant's point of error. Finley v. Beck, Tex.Civ.App., 16 S.W.2d 908.

The judgment in so far as it allows appellee Barbee recovery for loss of use of the automobile is hereby reversed and rendered that said appellee take nothing for such loss.

The judgment for $616, the difference in market value before and after the injury, is affirmed.

Each party is assessed one-half the costs of this appeal.

Reversed and rendered in part and affirmed in part.