In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-024 CV


____________________



GARY SCHAEFER, individually and as representative 


of all persons similarly situated, Appellant



V.



AMERICAN MANUFACTURERS MUTUAL


INSURANCE COMPANY, ET AL, Appellees






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-159,659






O P I N I O N


 Gary Schaefer filed a class action suit, on behalf of himself and as representative
of all persons similarly situated, complaining of American Manufacturers Mutual Insurance
Company (AMM), Kemper National Insurance Companies, Lumbermen's Mutual Casualty
Company, American Motorists Insurance Company, and American Protection Insurance
Company (defendants). Schaefer moved for partial summary judgment seeking a holding
that the personal auto policies issued in Texas by the defendants cover diminished value
as a matter of law. In their response to Schaefer's motion for partial summary judgment,
AMM filed a cross-motion for summary judgment claiming Schaefer is not entitled to
payment for diminished value, based upon a bulletin from the Texas Department of
Insurance (TDI). Citing Carlton v. Trinity Universal Ins. Co., 32 S.W.3d 454 (Tex. App.--Houston [14th Dist.] 2000, pet. denied), the trial court granted AMM's motion for
summary judgment on the basis that Schaefer "is not entitled to recover 'diminution in
value' from [AMM]." The trial court's order granting summary judgment in favor of
AMM also denied Schaefer's motion for partial summary judgment and ordered "that
Plaintiff's individual claims against all Defendants are dismissed with prejudice." 
However, the record does not reflect a motion for summary judgment was filed on behalf
of Kemper National Insurance Companies, Lumbermen's Mutual Casualty Company,
American Motorists Insurance Company, or American Protection Insurance Company. 
Nor does the record reflect an order granting a severance was entered. Accordingly, we
address the merits of Schaefer's appeal only as to AMM. (1)

 Schaefer appeals complaining of the trial court's grant of summary judgment in
favor of AMM and the trial court's denial of his motion for partial summary judgment. 
The sole issue to be resolved is whether, under AMM's policy, Schaefer is entitled to
claim damages for diminution in value.

 This court has previously addressed this issue. In Smith v. American Fire & Cas.
Co., 242 S.W.2d 448, 453 (Tex. Civ. App.--Beaumont 1951, no writ), (2) there was
evidence that the repairs did not restore the vehicle to the market value which it had
immediately prior to the collision. There was testimony indicating that a dealer who
purchased the vehicle for resale would expect to sell the vehicle for a sum materially less
than he would expect to get for a similar car which had not been damaged. Id. This court
noted, 

 The meaning of the words repair and replace which are used in the policy
includes a restoration of the automobile to substantially the same condition
in which it was immediately prior to the collision, and it would not be
restored to this condition if the repairs left the market value of the repaired
vehicle substantially less than the market value immediately before the
collision. According to the evidence, repairs made with new parts did not
accomplish this result . . .. Thus, under the proof, the limitation of liability
relied on by defendant never came into operation.


Id. at 453-54.

 Neither Smith nor the cases cited therein have been overruled by the Texas Supreme
Court. See Higgins v. Standard Lloyds, 149 S.W.2d 143 (Tex. Civ. App.--Galveston
1941, writ dism'd)(op. on reh'g); Bankers & Shippers Ins. Co. of New York v. Ellis Green
Motor Co., 102 S.W.2d 294 (Tex. Civ. App.--El Paso 1937, writ dism'd); Home Ins. Co.
v. Ketchey, 45 S.W.2d 350 (Tex. Civ. App.--Waco 1931, no writ); and Automobile
Underwriters v. Radford, 293 S.W. 869 (Tex. Civ. App.--Dallas, writ granted), aff'd, 299
S.W. 852 (Tex. Com. App. 1927). Other cases, not cited in Smith, also support the Smith
decision. See Mutual Fire & Auto Ins. Co. v. Muckelroy, 236 S.W.2d 555, 557 (Tex. Civ.
App.--San Antonio 1951, no writ); Roberdeau v. Indemnity Ins. Co. of N. Am., 231
S.W.2d 948, 951 (Tex. Civ. App.--Austin 1950, writ ref'd n.r.e.); American Indem. Co.
v. Jamison, 62 S.W.2d 197, 198 (Tex. Civ. App.--Texarkana 1933, no writ); and
Standard Accident Ins. Co. of Detroit v. Richmond, 297 S.W. 879 (Tex. Civ. App.--Texarkana 1927, writ dism'd).

 We note that Carlton cites Roberdeau for its disagreement that the measure of
damages was the difference in the reasonable cash market value of the automobile
immediately before and after the collision. See Carlton, 32 S.W.3d at 462 (quoting
Roberdeau, 231 S.W.2d at 951). However, in Roberdeau, the trial court found the repairs
made did not restore the automobile to the same or as good condition as it was in
immediately prior to the collision. Roberdeau, 231 S.W.2d at 951. The Austin Court of
Appeals concluded the insurer was "liable for damages to the automobile to the extent of
its actual cash value, and is obligated to either repair or replace the damaged part (or the
automobile), with another of like kind and quality, allowing a deduction for depreciation. 
Privileged, however, to exercise its option of paying for the loss in money or making the
repairs or replacements." Id. The court noted that "[t]he mere fact that the automobile
was repaired to the extent that it was used for the same purpose for which it was used prior
to the collision would not discharge appellee's liability because appellant has the right to
claim full compensation for his loss to the limit fixed by the policy." Id. The court
disagreed that the measure of damages was the difference in the reasonable cash market
value of the automobile immediately before and after the collision noting that it was a fact
issue as to whether or not the repairs do or do not restore the automobile to its former
condition. Id. The court then reversed and remanded the case "to further develop the
facts as to appellant's damage. . . ." We strongly disagree that Roberdeau supports a
holding that diminished value cannot be recovered, "as a matter of law."

 Since our decision in Smith, the following cases have been decided and support our
precedent. See Northwestern Nat'l Ins. Co. v. Cope, 448 S.W.2d 717, 719 (Tex. Civ.
App.--Corpus Christi 1969, no writ); Queen Ins. Co. v. Dominguez, 426 S.W.2d 286,
288-90 (Tex. Civ. App.--San Antonio 1968), rev'd on other grounds, Superior Pontiac Co.
v. Queen Ins. Co. of Am., 434 S.W.2d 340, 341 (Tex. 1968); Calvert Fire Ins. Co. v.
McClintic, 267 S.W.2d 568 (Tex. Civ. App.--Waco 1954, writ ref'd n.r.e.); American
Standard County Mut. Ins. Co. v. Barbee, 262 S.W.2d 122, 123-24 (Tex. Civ. App.--Fort
Worth 1953, no writ); and Stuyvesant Ins. Co. v. Driskill,, 244 S.W.2d 291, 292-93 (Tex.
Civ. App.--Fort Worth 1951, no writ). Of special note is the decision by the Supreme
Court of Texas in Superior Pontiac Co. v. Queen Ins. Co. of America, where in this case,
the plaintiff introduced evidence that the repair sum tendered by the insurer would not
compensate her for the loss suffered. Id. at 341-42. The jury found the reasonable cash
market value of the automobile prior to its being damaged to have been $2,875; that its
reasonable cash market value after the damaging was $750; and that its reasonable cash
market value after the repairs was $1,900. Id. at 342. The court found there was evidence
to support these findings "from which it follows that the repair sum tendered by [insurer]
would not compensate [plaintiff] for the loss she had suffered." Id.

 More recent is the case of Fidelity & Cas. Co. of New York v. Underwood, 791
S.W.2d 635 (Tex. App.--Dallas 1990, no writ). Here, the court upheld the jury's finding
that Fidelity had breached a material obligation of the insurance policy. Fidelity offered
$3,509.08 for repairs but there was evidence the market value of the truck prior to loss
was $10,000 and only $3,500 in repaired condition after loss. Id. at 638, 643. The court
noted "[t]he record indicates that once the vehicle is restored it will not be of substantially
the same value as that of the vehicle prior to the loss." Id. at 643.

 In accordance with this long history of permitting a plaintiff to seek damages for
diminished value, we must disagree with the Carlton court and adhere to the established
law. None of the cases prior to Carlton treated the issue of diminution in value as "a
matter of law." It was an issue of fact; it was to be decided by a jury as to whether the
repairs did (or could) restore the automobile to substantially the same condition and value
it had before the injury. If not, damages for diminution of value are appropriate. This
does not make the insurer's election meaningless. The actual market value of the vehicle
before injury may be considerably less than the cost of repairs plus the loss of market
value; or the actual market value may be more than the cost of repairs plus the loss of
market value.

 Accordingly, we hold the trial court erred in granting summary judgment on the
basis that as a matter of law Schaefer could not recover for diminished value. For all the
reasons set forth above, the judgment is reversed and the cause remanded. 

 REVERSED AND REMANDED.





 DON BURGESS

 Justice

Submitted on September 20, 2001

Opinion Delivered January 10, 2002

Publish


Before Walker, C.J., Burgess and Gaultney, JJ.
1. "[T]he language of an order or judgment can make it final, even though it should
have been interlocutory, if that language expressly disposes of all claims and all parties." 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 200 (Tex. 2001)(emphasis theirs). If the
intent to finally dispose of the case is clear, "then the order is final and appealable, even
though the record does not provide an adequate basis for rendition of judgment." Id. 
However erroneously, the trial court's order does actually dispose of every pending claim
and party. See id. at 205. "Granting more relief than the movant is entitled to makes the
order reversible, but not interlocutory." Id. at 204. 
2. Both of AMM's briefs fail to address Smith.