**FOREMOST INSURANCE COMPANY,**
Appellant,

v.

**V. O. HAWKINS, Appellee.**

No. 3758.

Court of Civil Appeals of Texas.

Waco.

June 16, 1960.

Rehearing Denied July 7, 1960.

Walter E. Jordan, Ft. Worth, for appellant.

Marvin David Shwiff, Dallas, T. Wesley Hook, Alvarado, for appellee.

WILSON, Justice.

Appellant issued a policy to appellee, insuring against loss or damage to a mobile house, or trailer, caused by collision or upset. Appellee alleged the new trailer was upset when its wheel mechanism broke, "causing extensive and severe damage to its exterior and interior"; that appellant, upon being notified of the loss, received repair bids, arbitrarily took possession of the trailer and had repairs made without his permission or authority; that it thereby waived its right to repair, and breached the insurance contract. Alternatively, he alleged the dominion exercised over the trailer by appellant, in making repairs, constituted a conversion. He prayed for its actual cash value or fair market value, alleged to be $3,900. Numerous exceptions to this pleading were overruled.

The policy provided liability was limited to "the lowest of the following: (a) cost of repair or replacement of the mobile home"; or (b) the actual cash value at time of loss; or (c) the amount of any impairment of the named insured's interest, as represented by his unpaid balance under a conditional sales contract. Settlement options authorized appellant to pay for the loss in money; to repair or replace; or to take salvage at agreed or appraised value, without abandonment.

Although the cause of action sought to be alleged by appellee was limited to that summarized: waiver, breach of contract and conversion; although his opening statement to the jury reiterated this theory of recovery; and although he requested issues only on waiver, breach of contract and conversion, the court submitted the case to the jury on the unpleaded issue as to whether the trailer was a total loss. The term "total loss" was defined as "absence of any reasonable cash value." The jury answered it was a total loss and fixed its actual cash value immediately prior to the upset at $3,100, for which judgment was rendered against appellant. No other issues were submitted.

Appellant objected to these two issues on the grounds, among others, that they constituted submission of a completely new, foreign and unpleaded theory; that they enlarged the insurance contract; and that there was no evidence, or insufficient evidence, that the trailer was a total loss.

If the doubtful premise is assumed that the pleadings raised the issues submitted, under Rules 67, 277 and 279, Texas Rules of Civil Procedure, there was no evidence of "absence of any reasonable cash value" of the trailer immediately after its upset, and before repair. Appellant's points directed to these issues and the judgment rendered on the answers are sustained.

Appellant exercised its option, as authorized by the insurance contract, to undertake repair of the trailer, for which it expended $1,234.29. It tendered the repaired trailer to appellee. Neither party demanded appraisal as afforded by the terms of the policy. Appellee's position was simply that he had bought a new trailer and he "wanted a new trailer or my money back." This is not a tort action; it is a contract action. Appellee's apparent contention is that appellant had no right to repair without his consent. The insurance contract was his consent. Appellee did not sue for failure to properly repair; nor did he seek recovery of the difference in value before and after upset, as in Roberdeau v. Indemnity Ins. Co., Tex.Civ.App., 231 S.W.2d 948, writ ref. n. r. e.; American Standard County Mutual Ins. Co. v. Barbee, Tex.Civ. App., 262 S.W.2d 122; Stuyvesant Ins. Co. v. Driskill, Tex.Civ.App., 244 S.W.2d 291; Mutual Fire & Auto. Ins. Co. v. Muckelroy, Tex.Civ.App., 236 S.W.2d 555; and Smith v. American Fire & Cas. Co., Tex.Civ.App., 242 S.W.2d 448.

That an improper basis for recovery was submitted is reflected by the fact that appellee may now contend he has a repaired trailer and, in addition, a judgment for the value of a trailer in its original condition. The policy authorized exercise of the repair option. It did not authorize the further recovery of the entire actual cash value before upset, in addition, under the present record.

We recognize the difficulty under which the trial court labored in seeking to submit the case in the state of pleadings and evidence. Even now, appellee contends by cross-assignment, as he did in the trial court, that his waiver, breach of contract and conversion issues should have been submitted. Our opinion does not imply these issues were improperly refused under the record presented.

In view of another trial, and under what we have said, it is unnecessary to discuss appellant's points 1, 2 and 10. Other points are overruled. Reversed and remanded.