**FOREMOST INSURANCE COMPANY,**
Appellant,

v.

**Grady WILLIS et al., Appellees.**

No. 16845.

Court of Civil Appeals of Texas.

Dallas.

Jan. 20, 1967.

Rehearing Denied Feb. 24, 1967.

---

Joe Bruce Cunningham, of Hudson, Keltner, Smith & Cunningham, Ft. Worth, for appellant.

Robert K. Ramsey, Terrell, for appellees.

DIXON, Chief Justice.

Foremost Insurance Company, hereinafter called Foremost, has appealed from a judgment against it in favor of appellee Grady Willis in the sum of $2,656 alleged to be the amount of storage charges due on a mobile home stored on appellee's premises. Foremost asked for judgment over against Hawkins should judgment be rendered against Foremost. Judgment was rendered in favor of Hawkins. Only Foremost has appealed.

The long and involved events leading up to this appeal began on or about June 15, 1958 when V. O. Hawkins, of Glen Rose, Texas, purchased a new mobile home trailer and at the same time took out a collision and upset policy of insurance with Foremost. On or about June 20, 1958 an accident occurred in which the trailer was upset and sustained serious damage.

The policy of insurance under the heading "Limit of Liability; Settlement Options; No Abandonment" provided as follows: "The Company may pay for the loss

in money or may repair or replace the mobile home(s) or such part thereof, as aforesaid, * * * but there shall be no abandonment to the Company."

Following the accident Hawkins filed his proof of claim and Crawford & Company, whom appellee Willis himself describes as a firm of independent adjusters, handled the claim. Crawford & Company invited bids for the repair of the mobile home and the contract was awarded to National Associated Home Service of Terrell, Texas, hereinafter called Associated, for a consideration of $1,234.49.

Associated was a partnership composed of Jack Johansen and Fred Randolph.

Associated proceeded to repair the mobile home and some time prior to August 11, 1958 the repaired vehicle was transported to Glen Rose, Texas for delivery to V. O. Hawkins, its owner, the insured under Foremost's policy. Hawkins refused to accept delivery of the trailer. He testified that delivery was tendered on condition that he sign a release of his claim, which he was unwilling to do. On August 11, 1958 the mobile home was taken back to Terrell, Texas and placed on the premises of Associated.[1]

On August 18, 1958 Associated wrote a letter to Hawkins demanding payment for the repairs. This letter is too long to copy here. Suffice it to say that it was addressed by Associated to Hawkins, demanding payment for repairing the trailer, payment of the $50 deductible under the policy, payment for expense of towing the trailer to Glen Rose and back and payment of $2.50 per day for storage on Associated premises beginning August 11, 1958. The significance of the letter lies in the fact that it nowhere mentioned or made any claim against Foremost for storage charges, or for towing the trailer back to Terrell. It is addressed to Hawkins only and contains these statements:

"As the case stands now the following costs are involved *between you and us*:

"1. $50.00 is due from you to us to cover the 'deductible' part of your policy. *This must be paid before we release the coach to you.*

"2. $35.00 is the charge to you for towing the trailer back to Terrell. * * * *This must be paid before we release the coach to you.*

"3. *The coach must be stored on our premises.* We must watch it. We must move it sometimes to adjust our working areas. We must guard against fire and theft. Our daily storage charge for a trailer like this is $2.50 per day. We will let the first week go by without charge, but *beginning last August 11, 1958 this storage charge has been and will be applied to your trailer. This must be paid before we release the coach to you.*

* * * * * *

"Sincerely yours
"John H. Johansen"
(Emphasis ours.)

Certainly under no theory could it be said that Associated looked to Foremost to

---

[1] A question apparently arose as to whether the trailer was a total loss entitling Hawkins to a new trailer by way of replacement, or whether the damaged vehicle was repairable. Hawkins further contended that even if the mobile home was repairable the repairs made were defective.

Hawkins eventually sued Foremost and recovered a judgment of $3,100 in a trial at Glen Rose, Texas on the theory that the mobile home was a total loss. This judgment was reversed on appeal in 1960 and the cause remanded for another trial. Foremost Ins. Co. v. Hawkins, 336 S.W. 2d 901 (wr. ref. n. r. e.). On a second trial a jury found that the trailer was repairable, was of a value of $3,000 before the upset and of a value of $2,100 after the upset. The court thereafter on March 26, 1965 rendered judgment in favor of Hawkins for $1,000. Foremost paid this judgment in full and on July 2, 1965 Hawkins executed a release declaring his judgment fully satisfied.

pay the $50 deductible. It was on Associated's own account that it was withholding delivery until Hawkins paid the $50 deductible.

Meantime, according to appellee Willis himself, everything humanly possible was done to convince Foremost that the mobile home had been put back in proper condition—as good as new. To induce Foremost "to come on and pay this money" for the repairs without obtaining a release from Hawkins, Associated on August 20, 1958 gave Foremost a written instrument described by Willis as a guarantee. That document is as follows:

"August 20, 1958

"This will certify that we, John H. Johansen and Fred W. Randolph, have completed repairs to a 1958 Midway Trailer owned by V. O. Hawkins of Glen Rose, Texas.

"We further would like to give warranty that we will guarantee repairs in the same respect as if they had been done at the factory, and that the trailer is in 'as new' condition.

"Any corrections that may be necessary in this repair job will be done at our expense to the satisfaction of all concerned.

"Signed _____ John H. Johansen

"JOHN H. JOHANSEN

"We extend this guarantee on materials and workmanship for a period of 90 days from this date."

Upon receipt of the above instrument Foremost decided to go ahead and pay Associated for cost of the repairs less the $50 deductible under the policy without obtaining a release from Hawkins. The record contains copies of Foremost's check dated August 22, 1958 in the amount of $1,278.49 payable to "Southeastern Fund" and "John H. Johansen and Fred W. Randolph % Crawford and Company." Southeastern Fund was the holder of a mortgage against the mobile home. There is nothing in the record to indicate that after August 22, 1958 Foremost demanded a release from Hawkins as a condition for the delivery of the mobile home to Hawkins.

On the back of the above check is the endorsement of Southeastern Fund and John H. Johansen and Fred Randolph. Directly above said endorsements is the following statement:

"Payee(s) by endorsement of this check acknowledge(s) settlement in full of the claim or account described on the face hereof and assigns and grants to the maker subrogation of any and all rights, titles and causes of action to which maker is entitled under said policy by reason of this payment."

Willis himself testified that this check was in settlement of all claims against Foremost at that time. There is nothing in the record to indicate that thereafter Foremost objected to delivery of the mobile home to Hawkins without obtaining a release.

Notwithstanding receipt of payment of its charges for repairing the home trailer Associated was in financial difficulties. One of the partners, John H. Johansen, departed for parts unknown, perhaps Oregon or Missouri. Fred Randolph was left alone and, according to Willis, on November 11, 1958 he too abandoned the business and left for Fort Worth, Texas.

At this point in our narrative one might well ask when, where and how did appellee Grady Willis become involved in this controversy. Willis had his own business in Terrell, Texas. He was engaged in the buying and selling of mobile homes. He loaned money to Associated whose business was to repair mobile homes. He testified that he had loaned them $800 to enable them to do the repairs on Hawkins' mobile home. Naturally as a creditor of Associated he was interested in seeing them paid so he could get his money back. It was his employee, B. W. Brooks, driving his truck, who had towed the mobile home to Glen

Rose after it had been repaired and who towed it back to Associated's repair shop after Hawkins refused to accept delivery.

According to appellee Willis when Randolph abandoned the business of Associated on November 11, 1958 he moved his equipment and Hawkins' mobile home to Willis' place of business and left them in Willis' possession under an oral agreement that Willis would "take over" Associated's liabilities and assets. No written assignment or other instrument was executed from Johansen to Willis.

## OPINION

■ In answer to special issues the jury found that (1) Foremost delivered the mobile home to Willis for storage (2) beginning August 11, 1958; (3) such storage was continuous to the date of trial; and (4) a fair and reasonable rental was $1.00 per day.

Appellant has presented twenty-six points on appeal. Points three to seven inclusive assert that there was no evidence to sustain the jury's answers to Issues Nos. 1, 2 and 3; and the court erred in overruling appellant's motions for instructed verdict and for judgment *non obstante veredicto.*

We sustain the above points for these reasons:

(1) The evidence shows that the decision not to deliver the trailer to Hawkins unless he would accept it and sign a release and the decision to take the trailer back to Terrell were made both by Associated on its own account and by an employee of Crawford & Company, the independent adjusters. Willis was not certain, but thought this employee was a man named Bohannon.

(2) The undisputed evidence shows that the mobile home, after Hawkins refused to accept it, was returned to Associated, not to Willis, and Associated on its own account continued to keep possession of it even after Foremost had paid the repair bill on August

22, 1958. Associated retained possession because of Hawkins' failure to pay the $50 deductible, the towing charges, and the alleged accrued storage charges at $2.50 per day beginning August 11, 1958. This is plainly shown by Associated's letter of August 18, 1958.

(3) Associated by its written guarantee of August 20, 1958 and its acceptance of payment and endorsement of Foremost's check of August 22, 1958, released Foremost from all claims in connection with Associated's repair of the vehicle.

(4) When Willis "took over" on November 11, 1958, according to his own testimony, it was not because Hawkins asked him to or because Foremost asked him to. It was solely an agreement between him and Fred Randolph. Willis also testified that he personally had never had anything to do with Foremost, and Associated had not been in contact with Foremost since the latter part of August 1958.

■ Appellant's tenth, twelfth, fourteenth and sixteenth points are to the effect that by accepting Foremost's check of August 22, 1958 Associated waived any rights it may have had, if it had any, for storage charges against Foremost; that acceptance of said check was an accord and satisfaction; that said acceptance was a release of any alleged storage charges, and estopped Associated to claim storage charges. We think these points are well taken and they are sustained as to Associated. And since Willis claims that after he "took over" on November 11, 1958 he "stood in the shoes" of Associated they are equally applicable to Willis.

Appellant has presented other points which complain of the insufficiency of appellees' pleadings, of the court's refusal to submit requested issues, of the refusal to admit evidence, of the failure of the court to sustain appellant's plea of privilege, the failure of the court to sustain appellant's plea of limitations, and of the failure of the court to render judgment in favor of

appellant Foremost over against V. O. Hawkins, the owner of the mobile home. Since we have concluded that judgment should be reversed and rendered in favor of Foremost and because of our sustaining other points we shall not prolong this opinion by passing on the above described points on appeal.

The judgment of the trial court in favor of Willis against Foremost is reversed and judgment is here rendered that appellee Willis take nothing by his suit against Foremost. The judgment in favor of Hawkins is affirmed. Costs will be taxed against appellee Willis.

Reversed and rendered in part and affirmed in part.